OTOE COUNTY V. JOHN G. STROBLE ET AL.

FILED MARCH 17, 1904.   No. 13,446.

1. **County Board:** ALLOWANCE OF SALARIES. In allowing salaries fixed by statute, a board of county commissioners act ministerially.

2. ————: ————. There is no warrant of law for an allowance of extra salary to the chairman of a board of county commissioners.

3. **Illegal Allowance:** LIABILITY OF MEMBERS. Where, by the action of the board of county commissioners, a warrant is drawn upon the county treasury without any legal authority so to do, each member of the board voting for such illegal claim is jointly and severally liable to the county for the amount of money so disbursed.

ERROR to the district court for Otoe county: LEE S. ESTELLE, JUDGE. *Reversed.*

A. A. *Bischof* and W. H. *Pitzer,* for plaintiff in error.

*John C. Watson* and W. F. *Moran, contra.*

OLDHAM, C.

In many respects, this is a companion case to *Otoe County v. Dorman, ante,* p. 408. The difference in the two cases is that, in the instant case, the petition of plaintiff, in addition to charging defendants with liability for an over-allowance of assistance in the office of county treasurer, charges in the second, third and fourth counts thereof that, while the defendants were each exercising the duties of the office of county commissioner during the years 1901 and 1902, after allowing the different members of the board of county commissioners the full compensation fixed by statute for their services as members of such board, they also "wrongfully and corruptly" directed a warrant to be issued to each member thereof for the sum of $125 each, for services as chairman of the board during the years 1900, 1901 and 1902, respectively. In the fifth count of the petition it also charges that the board illegally directed warrants to be drawn in pay-

ment of livery hire to different claimants during the years 1901 and 1902. And, as in the case above referred to, demurrers were filed by each of the defendants to this petition; the demurrers were each sustained, plaintiff's petition was dismissed, and it brings error to this court.

In view of the conclusion reached in *Otoe County v. Dorman, supra,* we need not consider the right of the county attorney to institute this action without direction of the board, nor need we consider the sufficiency of the allegations of the first count of plaintiff's petition, as this count stands on all fours with the petition therein considered. But we think that the allegations of the second, third and fourth paragraphs of the petition in the case at bar stand on a different principle, and charge a good cause of action against the defendants.

Having determined that the act of the board of county commissioners, in approving the settlement of the treasurer and permitting him to retain an illegal allowance for deputy hire, was merely a void act, which would not protect him or his official bondsmen from a suit by the county for the recovery of the unauthorized amount retained, we held that to warrant an action against the members of the board for this act, the petition would have to show either that it was made by a wilful and corrupt agreement between the treasurer and the members of the board, or that the board had refused to authorize an action for its recovery, or that the bondsmen were insolvent so that the ultimate loss of the amount of money improperly retained was occasioned to the county by the illegal act of the board.

While adhering to what we said in the former case, we think a different question is presented in the allegations contained in the second, third and fourth counts of the petition in the case at bar. In allowing salaries fixed by statute, the board acts ministerially and is without any discretion. The compensation of county commissioners is fixed at $3 a day and mileage. There is no claim of any warrant in the statute for any additional

allowance for the chairman of the board.    Members of
the board of county commissioners are paid by warrants
drawn on the treasury; consequently, when a claim is
allowed and a warrant drawn, the funds of the county
are depleted to the extent of the warrant.    And by the
allegations in the petition, which are admitted by the
demurrers, the defendants, without any warrant of law,
broke into the county treasury and took from it $375
without a shadow of authority so to do.    We think in
this unlawful raid on the funds of the county, each mem-
ber of the board who voted for the allowance of these
claims was a joint tortfeasor in the unlawful act, and
that each are jointly and severally liable to the county
for the loss so sustained.    We therefore conclude that the
second, third and fourth paragraphs of plaintiff's peti-
tion allege a good cause of action, and that the district
court erred in sustaining a general demurrer to the
petition.

We might say in passing that, from an examination of
the cause of action alleged in the fifth count of the peti-
tion, we regard it as defective in failing to allege a wil-
ful wrong by the members of the board in allowing claims
for livery hire.    In the allowance of claims of this char-
acter, the board acts in a *quasi* judicial capacity, and is
only liable for an intentional and wilful disregard of
duty.    We therefore recommend that the judgment of
the district court be reversed and the cause remanded for
further procedings.

AMES and HASTINGS, CC., concur.

By the Court: For the reasons set forth in the fore-
going opinion, it is ordered that the judgment of the dis-
trict court be reversed and the cause remanded for fur-
ther proceedings.

REVERSED.