Holt County v. Tomlinson.

HOLT COUNTY, APPELLEE; M. T. HIATT ET AL., APPELLANTS,
v. HENRY W. TOMLINSON ET AL., APPELLEES.

FILED OCTOBER 16, 1915.   No. 19111.

1. **Action:** DISMISSAL: ACTION BY TAXPAYER.   In an action by a
taxpayer, brought on behalf of a county, in which the county has
been made to appear as plaintiff, neither the county nor the coun-
ty attorney has any absolute right to a dismissal of the case up-
on motion on the ground that the action was not authorized by
them or either of them, since in such actions the county authorities
may to some extent occupy an adverse position to the interests of
plaintiff and other taxpayers.

2. ———: ———.   In an action brought by taxpayers against the in-
dividual members of a county board to recover money alleged to
have been illegally paid out by them while acting as the board of
supervisors of the county, the petition was entitled "The County of
Holt, a corporation duly organized under the laws of the State of
Nebraska, by M. T. Hiatt and H. M. Uttley, residents of and tax-
payers in said county, who bring this action for and in behalf of all
the people in the county." A motion by the defendants to dismiss
the action and by the county attorney to dismiss "as to the county,"
for the reasons that the case was brought without authority of the
county and the county disclaimed any interest in the suit, was
sustained, and judgment of dismissal rendered. *Held,* that the
action should not have been dismissed, but that the plaintiffs
should have been allowed to proceed, making the county a party de-
fendant, if they so desired.

APPEAL from the district court for Holt county:
R. R. DICKSON, JUDGE.   *Reversed with directions.*

*H. M. Uttley,* for appellants.

*J. J. Harrington, W. K. Hodgkin* and *J. A. Donohoe,*
contra.

LETTON, J.

This action was begun against the members of the board
of supervisors of the county of Holt, a county under town-
ship organization, to recover for the county certain sums
alleged to be due for certain penalties provided for by

sections 2461, 6427, Rev. St. 1913. The plaintiff was thus described in the petition: "The County of Holt, a corporation duly organized under the laws of the State of Nebraska, by M. T. Hiatt and H. M. Uttley, residents of and taxpayers in said county, who bring this action for and in behalf of all the people in the county." A motion was filed by the individual defendants to dismiss the action, because it was commenced in the name of the county without the permission or consent of the county attorney, because Messrs. Hiatt and Uttley are not county attorneys of Holt county, and were not employed by the board of supervisors to maintain or bring the action, and have no right or lawful authority to sue or to maintain the action, because the county is not lawfully a party to the action, and because the county attorney has filed a dismissal or demand that the county of Holt be dismissed as a party to the action. The following disclaimer was also filed: "Comes now the county of Holt, by W. K. Hodgkin, its county attorney, and represents that the above-entitled case is brought without authority of law, and the said county of Holt disclaims any interest in the above case, for which reasons the said county of Holt, by its county attorney, hereby dismisses said case as to the county of Holt. County of Holt, by W. K. Hodgkin, County Attorney." The record recites that, upon a motion by the county attorney and the defendants to dismiss the case, the court sustains the motion. The action was then dismissed. Plaintiffs appeal.

Section 2461, Rev. St. 1913, provides that every officer whose salary is in the nature of a per diem shall, before drawing any money, subscribe an oath in a prescribed form, and that any disbursing officer who shall pay any portion of the salary of any such officer before the oath is subscribed "shall forfeit to this state the sum of $50, which forfeiture may be sued for by any taxpayer."

Section 6427, Rev. St. 1913, in substance, provides that the precinct assessor shall not be entitled to compensation until he has filed the lists, schedules, statements, and books appertaining to the assessment of all property for

such year with the county assessor; the schedules to be accurately made and added up, and showing the property assessed listed at its full value. "Any county board, allowing bills of precinct assessors in cases where the provisions of this section have not been complied with, shall be liable on their bonds for amount of same."

It is alleged that in 1914, in violation of this section, the board of supervisors did unlawfully issue warrants to the extent of $3,000 for the payment of assessors.

The appellants cite *Otoe County v. Stroble,* 71 Neb. 415, to the effect that, where by the action of the board of county commissioners a warrant is drawn upon the county treasurer without legal authority so to do, each member of the board voting for the illegal claim is jointly and severally liable to the county, and argues that, if in such a case the county attorney may voluntarily come in and dismiss an action brought by a taxpayer for the benefit of the county, the county would be powerless and must suffer whatever loss an irresponsible board sees fit to inflict upon it. The defendants insist that under section 5596, Rev. St. 1913, the county attorney is the law officer of the county, alone vested with the power to prosecute and defend on behalf of the state and county all suits, applications or motions arising under the laws of the state, in which the state or county is a party or interested, and have cited a number of cases to that effect; but cases where the county authorities have vainly sought to supersede, set aside or ignore the authority of the county attorney are not applicable to the question here presented. We are satisfied that, where an action is properly brought by a taxpayer, the same principles apply as in a case where the county board has allowed a claim against a county, and a taxpayer has appealed from its allowance to the district court. As to a taxpayer's appeal this court has said: "It seems entirely clear that the appeal by the taxpayer contemplated by the legislator was one, to a certain extent, or entirely, antagonistic to the claimant and the county by reason of being aggrieved by the action of the latter in the allowance of the claim. The county is a party to the suit

after its appeal, but cannot by any action therein, by way of admission of the claim in whole or in part, rob the appeal of its significance, or rather deprive the appellant of the right to a hearing of the appeal. If it could, then the provision for an appeal by the taxpayer would be but meaningless words, and the appeal a useless and empty proceeding." *Gage County v. King Bridge Co.*, 58 Neb. 827, 837. To permit a taxpayer to bring an action against the individual members of a county board for dereliction of duty and at the same time allow that body, or the county attorney, to dismiss the proceedings would be folly. We are not compelled to adopt such an unreasonable view of the law.

The question remains, then, had the appellants the right to bring this action in the name of the county? In *Walker v. Village of Dillonvale*, 82 Ohio St. 137, 19 Am. & Eng. Ann. Cas. 773, the action was brought in the name of the "Village of Dillonvale, on relation of Thomas McCabe, against Harry Walker, William S. Parlett, William Lappin, George King, Asa Hooper, and Oliver L. Guyton, as individuals and as councilmen of the village." The petition alleged that the relator was a taxpayer, and that the defendants were councilmen of the village, that they had illegally issued to each of themselves a voucher for $48, which had been paid by the village treasurer. He prayed for a judgment for and in behalf of the village against the defendants and each of them for the entire amount paid. A demurrer was filed on the ground that the plaintiff had not legal capacity to sue. The court held that the case did not fall within the terms of certain statutes regulating actions in the name of the corporation, by the city solicitor or a taxpayer, to restrain the abuse of corporate powers by city officials, and said: "The fact that the suit in the present case is in the name of the village on relation of the taxpayer instead of in the name of the taxpayer for the use of the village, or on behalf of all the taxpayers of the village, has not in it sufficient merit to require a denial of relief, but the court may treat the action as one in the name of the taxpayer on behalf of

the village.  It follows that the taxpayer is not without legal capacity to sue."

In this case the motion by the county attorney on behalf of the county was merely that the action should be dismissed "as to the county." The court went further and dismissed the suit *in toto*. The mere fact that the name of the county was used in the title did not warrant the dismissal of the action. The court should have treated the action as an ordinary taxpayer's suit in behalf of the county. Ordinarily in such actions, as in the suit of a stockholder in a private corporation, the petition should allege the refusal of the county authorities to act; but, under such facts as are alleged in this case, it would be unreasonable to believe that the officials would take action against themselves, and demand is unnecessary. *Jackson v. Norris*, 72 Ill. 364; *Gillespie v. Gibbs*, 147 Ala. 449; *Mock v. Santa Rosa*, 126 Cal. 330; *State v. Weld*, 39 Minn. 426; Note to *Slavin v. McGuire* (205 N. Y. 84) in Am. Ann. Cas. 1913C, p. 881. As to the county attorney, the petition recites that he has declined to prosecute the action. Other questions are suggested in the briefs, but they are not raised by the motion. The only issue presented is whether the district court erred in sustaining the motions to dismiss. We express no opinion upon any other point in the case.

The judgment of the district court is reversed and the cause remanded, with directions to overrule the motion to dismiss the case, and to permit appellants to amend the title of the case, and make the county a party defendant, if they so desire; if they fail to amend within a reasonable time, to dismiss the action at their costs.

REVERSED.

SEDGWICK, J., concurs in reversing the judgment of the district court.

HAMER, J., not sitting.