THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN
F. PERRINE, Appellant, *v.* MAURICE E. CONNOLLY, as
President of the Borough of Queens, et al., Respondents.

Appeal — when affirmance by Appellate Division of final order
dismissing alternative writ of mandamus on the merits may be
reviewed — Civil Service Law — when increase of salary amounts
to promotion of employee to next grade without examination.

1. A final order, after a trial where the court had made findings
of fact, dismissed an alternative writ of mandamus on the merits,
reciting that it was made after hearing counsel " in support of said
motion, no one appearing in opposition thereto." This order was
affirmed by the Appellate Division. *Held*, that an appeal from the
order of affirmance may be taken to this court since there was an
actual determination below and the order was not by default.

2. When all material allegations of the opposing affidavits stand
admitted by the relator, a question of law is presented and the
decision is on the merits and appealable to this court. This rule is
here applicable in view of the stipulation of the parties by which
the matter was submitted to the trial court " for judgment on the
law and undisputed facts."

3. The civil service commission of the city of New York refused
to certify a payroll as to the relator because it provided for a salary
increased beyond the minimum of the grade next higher than that in
which the salary he had been receiving placed him, and constituted,
they asserted, a promotion.    On examination of the statute (Civil
Service Law, § 16; Cons. Laws, ch. 7), the rules of the commission
and the grading adopted by that body, *held*, that the commissioners
were lawfully empowered to prescribe grades in a position by the
annual compensation attaching to each, and that an increase of
salary exceeding the minimum of the next higher grade was a pro-
motion which should not be made without a competitive examina-
tion and a place upon the eligible list.

*People ex rel. Perrine* v. *Connolly,* 170 App. Div. 917, affirmed.

(Argued February 24, 1916; decided April 11, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
July 30, 1915, which affirmed an order of Special Term

dismissing an alternative writ of mandamus which commanded the defendant Connolly, as president of the borough of Queens, to send to the municipal civil service commission of New York a payroll bearing the name of the relator, as assistant engineer in the bureau of sewers of said borough for the month of November, 1913, with salary at the rate of $2,850 per annum, and the other defendants, as commissioners constituting that commission, to duly certify such payroll.

The facts, so far as material, are stated in the opinion.

*Gustav Gunkel* for appellant. The municipal civil service commission is without power to classify positions in the city service, according to the salary received, unless a specific name is given to each subdivision of a position and each subdivision is placed in a different grade. (*People ex rel. Slavin* v. *McGuire*, 205 N. Y. 84.) Once a candidate has qualified for a certain grade he is eligible for the maximum salary of said grade, whenever the proper authorities see fit to give it to him, without the approval of the municipal civil service commission. (*People ex rel. Lodholz* v. *Knox*, 58 App. Div. 541; 167 N. Y. 620; *People ex rel. Callahan* v. *Bd. of Education*, 174 N. Y. 120; *Matter of Shepard* v. *Oakley*, 181 N. Y. 339; *People ex rel. Wilson* v. *Knox*, 45 App. Div. 537.)

*Joseph Atz* for F. L. Greiffenberg et al., intervenors. The position and not the salary is regarded in law as controlling. The applicant qualifies for the position. (*Hale* v. *Worstell*, 185 N. Y. 253; *Lodholz* v. *Knox*, 58 App. Div. 541; 167 N. Y. 620; *O'Hara* v. *City of New York*, 46 App. Div. 518; 167 N. Y. 567; *Waters* v. *City of New York*, 101 App. Div. 199; *People ex rel. Strahan* v. *Feitner*, 49 App. Div. 104; *People ex rel. Stokes* v. *Tully*, 108 App. Div. 349; *People ex rel. Rudd* v. *Cropsey*, 215 N. Y. 454.) An advanced position was not created for

appellant, but a vacancy existed at a salary of $2,850 in the position for which he had already qualified, to which he was advanced. The appointing power had authority to do this. (*People ex rel. Stokes* v. *Tully*, 108 App. Div. 345; *People ex rel. Wilson* v. *Knox*, 45 App. Div. 537; *Shepard* v. *Oakley*, 181 N. Y. 339.)

· *Lamar Hardy, Corporation Counsel* (*Terence Farley, William E. C. Mayer* and *Edward S. Malone* of counsel), for respondents. An order entered by default is not appealable. (Cardozo on Juris. of Ct. of Appeals [2d ed.], § 125; Baylies on New Trials & App. [2d ed.] 8, 57.) Inasmuch as it does not appear in the order of the Appellate Division that the application was denied as a matter of law and not in the exercise of discretion, this court is without jurisdiction to entertain this appeal. (Code Civ. Pro. § 2070; *People ex rel. Durant L. I. Co.* v. *Jeroloman*, 139 N. Y. 14; *People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495.) The municipal civil service commission *is* authorized to grade positions in the classified service not only in accordance with the character of the duties which the incumbent is required to perform, but also by the amount of compensation which the incumbent receives. (Civil Service Law, § 16; *Slavin* v. *McGuire*, 205 N. Y. 84; *People ex rel. Faitoute* v. *Creelman*, 148 App. Div. 890; 205 N. Y. 589.)

· COLLIN, J. The appellant applied for a peremptory writ of mandamus which should command the defendant Connolly, as president of the borough of Queens, to send to the defendants, constituting the municipal civil service commission of the city of New York, a payroll bearing the name of the relator as " assistant engineer " in the bureau of sewers at an annual salary of $2,850, and command the commissioners to certify said payroll in accordance with section 20 of the Civil Service Law and rule 21 of the rules of the commission. The

commissioners had refused to certify the payroll as to the relator, because it provided for a salary increased beyond the minimum of the grade next higher than that in which the salary he had been receiving placed him, and constituted, they asserted, a promotion. The defendants interposed upon the application denials raising issues of fact, and the alternative writ was issued. A return to such writ was filed. The parties thereupon stipulated that the proceeding should be submitted to Mr. Justice SCUDDER " for judgment solely on the law and undisputed facts raised by the alternative writ of mandamus and return thereto." The trial court made findings of fact, and, upon the motion of the corporation counsel in behalf of the defendants, a final order dismissing the alternative writ of mandamus on the merits was granted. The order recited that it was made " after hearing Edward S. Malone, assistant corporation counsel, of counsel for the defendants in support of said motion, and no one appearing in opposition thereto." From the final order the relator appealed to the Appellate Division in the second judicial department. The Appellate Division affirmed the order, and from the order of affirmance the relator has appealed to this court.

Counsel for defendants makes the preliminary point that the order of the Appellate Division cannot be appealed from because the final order of the Special Term was made upon the default of the relator. The point is without merit. There was an actual determination of the Appellate Division. (See *Seneca Nation of Indians* v. *Knight,* 19 N. Y. 587.) Moreover, the order was not taken by default. It followed necessarily from the decision of the trial court, which was the equivalent of a verdict of the jury upon the trial of the issues raised by the writ and the return and which was the outcome of a contest.

Counsel for defendants makes the further preliminary point that the appeal should be dismissed because it does

not appear in the order or opinion of the Appellate Division that the application for the writ was denied as a matter of law and not in the exercise of discretion. The general rule sustains him therein. (*Matter of Winters* v. *Prendergast,* 211 N. Y. 536; *People ex rel. Brooklyn Heights R. R. Co.* v. *Connolly,* 211 N. Y. 537; *Matter of Griffin* v. *Williams,* 216 N. Y. 651.) When, however, all material allegations of the opposing affidavits stand admitted by the relator, a question of law is presented and the decision of the same is on the merits and appealable to this court. (*People ex rel. Flood* v. *Assn. Master Plumbers, N. Y. City,* 214 N. Y. 710.) In the present case, the relator withdrew all statements in the alternative writ denied by the return, and by the stipulation of the parties the proceeding was submitted to the trial court "*for judgment solely on the law and undisputed facts.*"

We now return to the merits. The relator in 1906 passed the competitive examination for and was appointed to the position of assistant engineer in the service of the city of New York, at the annual salary of $1,200. No limit of salary was at that time fixed for such position. In February, 1909, there went into effect section 16 of the present Civil Service Law (Cons. Laws, ch. 7), as follows:

"Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists. Promotions shall be based upon merit and competition and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority. For the purposes of this section an increase in the salary or other compensation of any person holding an office or position within the scope of the rules in force hereunder beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion. No promotion, transfer or rein-

statement shall be made from a position in one class to a position in another class unless the same be specially authorized by the state or municipal commission, nor shall a person be promoted or transferred to a position for original entrance to which there is required by this chapter or the rules an examination involving essential tests or qualifications different from or higher than those required for original entrance to the position held by such person, unless he shall have passed the examination or attained a place upon the eligible list for such higher position."

Thereafter, in November, 1909, the position of assistant engineer was classified in grade 5 of the engineering service, but each position of such service was graded according to the amount of the annual compensation, as follows: Grade A — $300 annually; grade B — $600 annually; grade C — $1,200 annually; grade D — $1,800 annually; grade E — $2,400 annually.

When such classification and grading was made the relator was receiving the annual salary of $1,950; therefore, he was of grade D. Prior to October 18, 1913, his salary had been increased to $2,250, which did not exceed that attached to "grade D." The salary was subsequently increased, nominally at least, to $2,850, which did exceed that attached to "grade D" and was within that attached to "grade E." The question before us is: Was the increase of the relator's salary a promotion which he could receive only at the hands of the commission in accordance with the statute and their rules and regulations.

The claims of the relator and of the intervenors are: Inasmuch as the relator passed in 1906 the competitive examination which qualified him for the position of assistant engineer generally and without limitation, without limit of salary, the commission cannot, as to him, constitute different grades in the position, based upon the varying salaries of those holding positions as assistant

engineers; as no limit of salary was fixed when relator received the appointment and no grading of the position according to salary, the commission (or the legislature) cannot create restrictions as to him in those respects; the commission are requiring relator to qualify a second time for the position he holds.   He seeks to enforce his claims by elaborate arguments and the citation of authorities. The statement of the claims is their refutation.   The relator became an assistant engineer in 1906 at an annual salary duly fixed by the municipal authorities at $1,200. The duties and responsibilities or the salaries of those holding a position of assistant engineer were not and probably cannot be identical.   The legislature certainly could at any time after relator's appointment, directly or through an agency, have graded the position on the basis of the salaries paid those holding it, and declared the increase of salary exceeding the minimum of the next higher grade a promotion which should not be made without a competitive examination and a place upon the eligible list.   (*Slavin* v. *McGuire,* 205 N. Y. 84.)   Under the section 16 the commissioners were lawfully empowered to accomplish such result (*Slavin* v. *McGuire,* 205 N. Y. 84) — to prescribe grades in a position by the annual compensation attaching to each.   The assertion of the relator that classification of or in a position cannot be made unless a specific or differentiating name is given to each subdivision or class of a position and each subdivision is placed in a different grade is ill-founded.   The Civil Service Law does not create vested rights, preserved by the Constitution against legislative interference, in those who obtain positions under it.   In the *Slavin* case we have held, in effect, that a classification and grading such as we are considering were authorized by section 16. The statute itself declares that an increase of salary beyond the minimum of the next higher grade is a promotion.   It is unnecessary to follow the relator through the various points of his brief.   They are subdivisions or

restatements in different language of the underlying claims that the original appointment of relator as assistant engineer covered and included all the classes, grades and salaries of that position; that so long as he has the title of assistant engineer he could not be promoted by any increase in salary or change in responsibilities and duties, and that to constrict the position of the relator by a grading on the basis of salary only is an illegal demotion.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Order affirmed.