M. T. HIATT ET AL., APPELLANTS, v. HENRY W. TOMLINSON ET AL., APPELLEES.

FILED NOVEMBER 1, 1918.    No. 20657.

1. **Counties: CONTRACTS: PAYMENT TO ASSESSORS.** Sections 1104-1106, Rev. St. 1913, construed, and *held* not to include within their terms money paid to precinct assessors for official services.

2. **Appeal: DEMURRER: DISMISSAL.** When plaintiff stands on a demurrer and refuses to plead further, and the judgment of the district court is affirmed here, the action will be ordered dismissed. *Estabrook v. Hughes,* 8 Neb. 496.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Affirmed and dismissed.*

*Howell M. Uttley,* for appellants.

*J. J. Harrington* and *J. A. Donohoe,* contra.

DEAN, J.

This case was begun by plaintiffs as resident taxpayers "in behalf of the county of Holt," then under township organization, to recover $2,979 from defendants, who were members of the board of supervisors

in 1914. It is alleged that the money was unlawfully ordered paid by defendants out of county funds to the precinct assessors on their claims for official services in that year. A demurrer to the answer was overruled, and, plaintiffs refusing to plead further, the action was dismissed. Plaintiffs appealed.

This case was brought here before by plaintiffs. The former opinion is entitled *Holt County v. Tomlinson*, 98 Neb. 777. In that case the district court sustained motions to dismiss that were filed, respectively, by defendants and Holt county. On appeal the judgment was reversed and the cause remanded, "with' directions to overrule the motion to dismiss the case, and to permit appellants to amend the title of the case, and make the county a party defendant, if they so desired." It is also there said: "The only issue presented is whether the district court erred in sustaining the motions to dismiss."

In the present case paragraph 4 of the petition alleged that the claims of the assessors did not "show the date of each day on which the claimants were employed," as provided in section 6427, Rev. St. 1913; that in more than half of the assessment books made up by the county assessor from the several schedules returned by the township assessors the oath required by section 6426, Rev. St. 1913, was not affixed by the precinct assessors; that a large number of the claims of the precinct assessors "were not indorsed with the written approval thereon of the county assessor before the same were allowed by the board, as required by section 2451, of the 1913 Revised Statutes."

Defendants in their answer admitted that some of the claims before payment were not formally indorsed by the county assessor, but alleged that they were all approved by that officer before payment; admitted "that about one-half of the precinct assessment books * * * were not formally sworn to, as required by section

6428 (6426).'' Defendants denied ''each and every other allegation contained in said paragraph 4'' of plaintiffs' petition.

It is not pleaded by plaintiffs, nor is it argued, that the county lost any money by the acts of defendants that are complained of. In plaintiffs' brief it is said: ''Our cause of action was because the claims were not made out as required by statute and were not properly verified.'' Elsewhere they argue that the only question to be determined is whether ''the penalty fixed by sections 6427 and 1105 can be recovered in this action under the admissions made by the defendants in their answer.''

Chapter 55, Laws 1905, appears in Rev. St. 1913 as sections 1104, 1105 and 1106, and should be construed together. Section 1104 provides: ''All contracts, either express or implied, entered into with any county board, for or on behalf of any county, and all orders given by any such board or any of the members thereof, for any article, service, public improvement, material or labor in contravention of any statutory limitation, or when there are, or were, no funds, legally available therefor, or in the absence of a statute expressly authorizing such contract to be entered into, or such order to be given, are hereby declared unlawful and shall be wholly void as an obligation against any such county.''

Section 1105 provides: ''Any public official, or officials who shall audit, allow, or pay out, or cause to be paid out, any funds of any county for any article, public improvement, material, service, or labor, contrary to the provisions of the next preceding section, shall be liable for the full amount so expended, and the same may be recovered from any such official or the surety upon his official bond by any such county, or any taxpayer thereof.''

Section 1106, so far as applicable to this case, provides generally that no judgment shall be rendered

against any county under any contract entered into in violation- of the provisions of the two preceding sections.

It is obvious that plaintiffs' action cannot be maintained under section 1105, as argued by them, nor under any of the foregoing sections. Those sections have no application to the facts in the present case, because they relate solely to a penalty to be recovered for the payment of any public funds "contrary to the provisions of" section 1104. . The services of the precinct assessors were not. performed under contract, either express or implied, with the county board, but in pursuance of an election by the people. There was no contractual relation between the county board and the precinct assessors for their services. Hence, those sections do not apply.

Section 6427 is relied upon in part by plaintiffs for recovery. That statute provides generally that, if the county board allows the bills of precinct assessors that are not made out in accordance with its provisions, the board "shall be liable on their bonds for amount of same." The only violation of section 6427 alleged in the petition is that the .claims of the precinct assessors did not show the date of each day on which they were employed. The answer denied that allegation, and plaintiffs' demurrer in effect admitted the truth of defendants' plea. Hence, the court properly overruled the demurrer and motion for judgment on the pleadings filed by plaintiffs.

When plaintiffs stand on a demurrer and refuse to plead further, and the judgment of the district court is affirmed here, the action will be ordered dismissed. *Estabrook v. Hughes,* 8 Neb. 496. The judgment is affirmed, and plaintiffs' action must therefore be dismissed.

AFFIRMED AND DISMISSED.

LETTON and ROSE, JJ., not sitting.