In the Matter of the Petition of JOHN J. O'DONNELL, Appellant, for a Peremptory Mandamus Order against Mrs. CHARLES BENNETT SMITH, Individually and as President of The State Civil Service Commission, and Others, Respondents.

Second Department, January 9, 1931.

Thomas F. Twyford, for the appellant.

Patrick H. Clune, Deputy Assistant Attorney-General [Hamilton Ward, Attorney-General, with him on the brief], for the respondents.

PER CURIAM. Section 261 of the Tax Law (as amd. by Laws of 1928, chap. 99) imposed the duty of collecting mortgage taxes upon the register of Kings county. He is a county official. The petitioner, in the mortgage tax bureau, to whom, pursuant to section 262 of the Tax Law (as amd. by Laws of 1921, chap. 271), the register delegates a portion of the work thus imposed upon the register, cannot have any different status from that possessed by his principal, the official (register) specified in section 261 of the Tax Law. The petitioner is, therefore, a county employee, as is the mortgage tax deputy, which place the petitioner seeks to fill free from a competitive civil service examination in which other county employees in the register's office may enter even though they be not in the mortgage tax bureau of that office.

The manner of payment for petitioner's services, as well as for the services of a mortgage tax deputy in the register's office, is not determinative of the classification of either. The mortgage tax administered in the statutory manner does not lose its true character as county funds because, after the deduction of administrative expenses, one-half of the net amount goes to the State and one-half to the general fund of the city of New York. To hold otherwise would result in a manifest absurdity. The official (register) specified in the statute to collect the mortgage taxes being a county official beyond peradventure, his deputy to whom he delegates part of the work imposed upon the register by the Tax Law cannot be a different kind of an official or other than a county official or employee. The language of the statute does not permit or require any different view.

The petitioner, being a county employee in the register's office, must, in the examination to be held for the filling of the vacancy in the position of mortgage tax deputy, compete upon a basis of equality with the other employees of the register's office pursuant to the notice of the State Civil Service Commission under rule 14 of the State Civil Service Rules, whether such employees be within or without the mortgage tax bureau or division of the register's

office.   (Civil Service Law, § 6, subd. 1, as amd. by Laws of 1927, chap. 440; Id. § 16, as amd. by Laws of 1926, chap. 685.)

The order denying the application for a peremptory mandamus order should be affirmed, with fifty dollars costs and disbursements.

Present — LAZANSKY, P. J., KAPPER, CARSWELL, SCUDDER and TOMPKINS, JJ.

Order denying application for a peremptory mandamus order unanimously affirmed, with fifty dollars costs and disbursements.