In the Matter of the Application of J. D. L. CORPORATION, Petitioner, for an Order against HENRY E. BRUCKMAN, Chairman, and Others, Members of and Constituting the State Liquor Authority, Respondents.

Supreme Court, Special Term, Albany County, April 28, 1939.

*Edward Ross Aranow*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Patrick H. Clune, Assistant Attorney-General*, of counsel], for the respondents.

BERGAN, J. Petitioner is a domestic corporation and a taxpayer. Upon a petition alleging that the respondents, who constitute the State Liquor Authority, have appointed an assistant counsel without authorization or approval of the Civil Service Commission prior to the appointment and without an examination, and that the position is one which is required by law to be in the competitive class of the civil service, petitioner seeks relief under the provisions of article 78 of the Civil Practice Act. The relief sought is that the Liquor Authority be directed to make an entry on its records nullifying the appointment, to cancel any payroll reference to the appointee, to terminate the appointment, and to desist from submitting any further payroll or voucher for the payment of compensation to the appointee. No triable issue of fact is raised by the answer, and the court should, accordingly, render " such final order as the case requires." (Civ. Prac. Act, § 1295.)

When a corporation is also a taxpayer it will be assumed that it has the same rights in respect of actions and proceedings afforded to natural persons as taxpayers. Corporations " shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." (N. Y. Const. art. 10, § 4.) Taxpayers' actions are the creatures of statute, designed to prevent the unlawful diversion of public moneys in which the taxpayer, as a class distinguished from the general citizen, is vested with a special interest. The remedy afforded by statute may not be pursued beyond the scope of express statutory authorization. (*Slavin* v. *McGuire*, 205 N. Y. 84.) The statute (Civil Service Law, § 28) authorizes an action by any taxpayer to restrain the payment of compensation to any person holding any position in violation of

the Civil Service Law. This means, plainly, an action for a permanent injunction in equity. The provisions of article 78 of the Civil Practice Act are not appropriate to relief in the nature of a permanent injunction. (Civ. Prac. Act, §§ 1283, 1284.) The provisions of this article afford a simpler procedure for what was formerly a remedy pursued by mandamus, prohibition or certiorari. In general they do not enlarge upon the scope of relief obtainable, and certainly they do not afford relief by way of permanent injunction in a taxpayer's action which, since the enactment of article 78, as well as before, must be pursued by action. This comment is addressed to that part of the relief sought in which respondents are to be directed to desist from submitting vouchers for the compensation of the appointee in the civil service.

A taxpayer's action is not available to restrain the general acts of public authorities in administering the Civil Service Law. (*Slavin* v. *McGuire, supra*, p. 88.) The rule enunciated in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92), that judicial control of illegal action of civil service authorities is exerted by mandamus, was restated by the Court of Appeals in the *Slavin* case. It was there said: " A taxpayer's action is altogether inappropriate as a remedy for correcting illegal action on the part of civil service commissioners * * * the judicial control of their action must be exercised by way of the writ of mandamus."

Remedy in the nature of mandamus does not, accordingly, flow from the authorization to taxpayers to bring suits to restrain the payment of public moneys. The statute giving taxpayers a remedy against public officers in relation to civil service, apart from the general citizen, does not authorize relief in the nature of mandamus to compel the performance of a duty imposed by law. That right, when it exists, is the right of the citizen to require public officers of the government of which the citizens are an integrated part to perform their mandatory duties. It does not flow from any statutory right to taxpayers to restrain in equity the diversion of public moneys. I think it is a right of citizenship that does not inure to the benefit of a domestic corporation. The general right of " any citizen " to compel by mandamus adherence to the provisions of appropriate statutes relating to an appointment in the service of the Transit Commission was upheld in *Matter of Welling* v. *Fullen* (164 Misc. 456) upon the basis of what had been said in *Matter of McCabe* v. *Voorhis* (243 N. Y. 401). There relief was allowed to a duly qualified voter to compel the performance of a duty imposed by law upon election officials. A citizen and an elector was held to have a sufficient interest in the subject-matter to maintain the proceeding. The court followed *People ex rel.*

*Daley* v. *Rice* (129 N. Y. 449), where it was said in relation to compliance by public officials with provisions of the Election Law (p. 454) that " It is a matter in which the public has an interest, quite as great, perhaps, as the individual, and in such event any citizen has the right to invoke the aid of the court to compel the performance by a public officer of a public duty." There, however, the candidate directly affected by the administrative determination was dead. In *Schieffelin* v. *Komfort* (212 N. Y. 520) it was held that one who alleged he was a " citizen resident-elector and taxpayer " has not a sufficient interest in the subject-matter to review in equity the constitutionality of the acts of administrative officers of the government. As pointed out later by Judge Pound in *Matter of McCabe* v. *Voorhis* (*supra*, p. 411), the distinction between such an action and the right of the citizen to compel by mandamus the performance of a public duty was recognized in the *Schieffelin* case, and " is not disturbed thereby."

A corporation is not vested with all of the interests or rights in the administration of government inherent in the citizenship of a natural person. It does not vote; it cannot hold office, and its interest in government touches only upon its property rights or those reasonably incidental to its corporate function. The constitutional authorization to sue " in like cases as natural persons " (State Const. art. 10, § 4) opens a procedural avenue available to corporations upon a parity with natural persons. I do not conceive that the Constitution thereby creates substantive rights inappropriate to corporations or operates to vest corporations with all of the inherent interest in government had by natural persons and citizens of the State. I conclude that a corporation showing no special interest in an administrative determination affecting its property or corporate function has not a sufficient interest in the subject-matter to compel by mandamus under the assumed general rights of a citizen the performance of a duty enjoined by law upon a public officer.

The statute governing corporations generally imposes a limitation upon the powers of corporations which, in the absence of inherent interest, would preclude the relief sought. " A corporation shall not possess or exercise any powers unless given by law, or necessary to the powers so given." (Gen. Corp. Law, § 13.) In construing the constitutional provisions now found in section 4 of article 10 of the Constitution, the Appellate Division, Second Department, in *Board of Education* v. *Board of Education* (76 App. Div. 355; aftd., 179 N. Y. 556), held that (p. 359) the authorization to sue as natural persons does not grant corporations power " to sue in all kinds of actions, but only in those which relate to their corporate rights, just as the citizen is confined to actions in which he has a

real interest." It held that the complaining school district's powers were confined to the maintenance of school privileges within its territory, " and it can have no standing in the courts of this State except for the purpose of protecting and maintaining its corporate powers and in carrying out the objects for which it was created." (See, also, *Union Free School District* v. *Village of Glen Park*, 109 App. Div. 414, 417.) The constitutional provision allowing suits against corporations has been held to have created no substantive liability to which a corporation would not otherwise be subject. (*Hamburger* v. *Cornell University*, 204 App. Div. 664, 673.) Long ago it was said that this constitutional provision " is not a restriction on legislative power to determine what shall be and what shall not be, a cause of action against a corporation. It provides only that where there is a cause of action in favor of, or against a corporation, it shall be enforced in the same way as if the same cause of action existed in favor of or against a natural person." (*Gray* v. *Brooklyn*, 50 Barb. 365; affd., 41 N. Y. 619.)

It has been said that a corporation, unlike a natural person, cannot appear in court and defend or prosecute an action " in person " by its officers. (*Mortgage Commission* v. *Great Neck Improvement Co.*, 162 Misc. 416.) And it is a well-settled principle of constitutional law that a corporation is not a citizen within the meaning of the United States Constitution (Art. 4, § 2) declaring citizens of each State entitled to the privileges and immunities of citizens in the several States, or of the Fourteenth Amendment prohibiting States from abridging the privileges and immunities of citizens of the United States. (14 C. J. 67. See, also, *Western Turf Assn.* v. *Greenberg*, 204 U. S. 359; *Anglo-American Prov. Co.* v. *Davis Prov. Co.*, 169 N. Y. 506.)

Final order should be submitted dismissing petition, with costs.