In the Matter of SAMUEL S. GOODMAN, Respondent, against HENRY W. RALPH, as Register of the City of New York and Recording Officer of the County of New York, Respondent, and FRANK C. MOORE, as Comptroller of the State of New York, et al., Appellants.

Argued February 26, 1945; decided April 12, 1945.

*Nathaniel L. Goldstein, Attorney-General (Harry F. Karst, Orrin G. Judd* and *William F. McNulty* of counsel), for appellants. I. There is no basis, either in law or in fact, to support the finding of the Special Term that petitioner is an employee of the State of New York. (*Matter of Miller* v. *State,* 279 N. Y. 74.) II. Petitioner is an employee of the City of New York. (*Matter of O'Donnell* v. *Smith,* 231 App. Div. 482; *London* v. *Toney,* 263 N. Y. 439; *Matter of Miller* v. *State,* 279 N. Y. 74.)

*Samuel S. Goodman,* respondent in person. Petitioner is an employee of the State of New York and is entitled to a peremptory order. (*Matter of Rohr* v. *Kenngott,* 288 N. Y. 97.)

CONWAY, J. There is presented to us for our determination the question whether the petitioner is a State employee within the meaning of chapter 187 of the Laws of 1943, providing for the payment of additional war emergency compensation to " state officers and employees, other than officers and employees of the legislature and judiciary, who are regularly employed * * * ". The statute contains no definition of the term State employee.

The petitioner was originally appointed a clerk in the office of the Register of the County of New York as a civil service employee in the competitive class in the Mortgage Tax Bureau of the Register's office. Thereafter, upon passing a promotion examination, he was appointed to the position of Mortgage Tax Examiner. Tax Law, section 253, imposes a recording tax

upon mortgages on real property within the State. The tax is payable at the time of the recording of the mortgage and must be paid to the recording officer of the county in which the real property is situated (§ 257). At the time of the institution of the present proceeding, the applicable statute provided (Tax Law, art. 11, § 262) that the recording officer should be entitled to receive all necessary expenses '' for the purposes of this article, including printing, hire of clerks and assistants, being first approved and allowed by the tax commission and, after audit by the comptroller," to retain such expenses out of the moneys collected. Section 261 then provided, after the deduction of the expenses, for the transmittal of one half of the net amount remaining to the Commissioner of Taxation and Finance to be paid into the State treasury and for the payment of the other half, in the counties within the city of New York, to the general fund of the City of New York. Now, by Laws of 1944, chapter 122, the whole of the net amount so collected, after the deduction of the necessary expenses, in the counties within the city, is paid into the general fund of the city of New York. Section 263 provides that the Tax Commission shall have general supervisory power over all recording officers in respect to the duties imposed upon them by article 11 and may make such rules and regulations for the government of recording officers in respect to the matters provided for in that article as they deem proper, provided they are not inconsistent with the statute.

It cannot be questioned that the collection of mortgage recording taxes is a State function, but neither can it be questioned that the Legislature has delegated the duty of collecting such taxes in New York County to the Register, with the power in him to hire clerks and assistants to whom the Register may further delegate portions of his work in connection with the collection of such moneys. The power to select and appoint these clerks and assistants from civil service lists imports the right also to discharge them, except as restrained by the Constitution or by statute. (*People ex rel. Griffin* v. *Lathrop et al.*, 142 N. Y. 113; *Thoma* v. *City of New York*, 263 N. Y. 402.) While the Register is now a city official (New York City Charter [1938], ch. 45; *Burke* v. *Kern*, 287 N. Y. 203), what was said in *Matter of O'Donnell* v. *Smith* (231 App. Div. 482, 483) when the office of

Register of the County of Kings was a county office, is applicable here: " The petitioner, in the mortgage tax bureau, to whom, pursuant to section 262 of the Tax Law (as amd. by Laws of 1921, chap. 271), the register delegates a portion of the work thus imposed upon the register, cannot have any different status from that possessed by his principal, the official (register) specified in section 261 of the Tax Law." *Matter of Rohr* v. *Kenngott* (288 N. Y. 97), is not to the contrary. The language at page 102, upon which the petitioner here relies, was used for the purpose of pointing out that the petitioner there was not the private employee of the County Clerk but was an employee of the State or a civil division or city thereof, as defined in subdivision 3 of section 2 of the Civil Service Law.

As we have seen, the money paid petitioner was first deducted by the Register from the mortgage recording taxes collected by him, and then the balance was divided equally between the State and city. True, the sums thus retained by the Register as expenses had to be approved and allowed by the Tax Commission and audited by the Comptroller of the State, but those acts would not determine the identity of petitioner's employer. They merely had to do with the duty of the Register to account for the moneys collected by him. We think that the determinative factor here is that no State officer or body ever had the power or authority to appoint or discharge the petitioner.

The orders should be reversed, with costs in all courts, and the petition dismissed.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, DESMOND, THACHER and DYE, JJ., concur.

Orders reversed, etc.