In the Matter of ALEXANDER J. WEISS, Petitioner, against ESTHER BROMLEY et al., Constituting the Municipal Civil Service Commission for the City of New York, Respondents.

Supreme Court, Special Term, New York County, May 28, 1945.

8

*Isaac Strahl* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Thomas W. A. Crowe* of counsel), for respondents.

HAMMER, J. In this proceeding under article 78 of the Civil Practice Act petitioner seeks an order directing the respondent

Municipal Civil Service Commission *inter alia* to recognize petitioner as classified and holding the title of Clerk, Grade 4, in the Office of the Register of the City of New York, and annulling the commission's action in declaring petitioner ineligible to compete in the examination held February 26, 1944, for promotion to the position of Mortgage Tax Examiner, Grade 5, in such Register's Office. In *Goodman* v. *Ralph* (294 N. Y. 169, revg. 268 App. Div. 753) the Court of Appeals on April 12, 1945, in reversing the order of the Appellate Division and of the Special Term held that the Register of the City of New York was a city official and the employees of that office were in the same status, i.e. city employee. (See New York City Charter [1938], ch. 45; *Burke* v. *Kern,* 287 N. Y. 203; *Matter of O'Donnell* v. *Smith,* 231 App. Div. 482, 483.)

In the month of January, 1943, the petitioner was classified by the respondent Municipal Civil Service Commission as holding the position and title of Clerk, Grade 3, in the Office of the City Register, effective as of January 1, 1942.

In the month of November, 1943, the respondent published a notice of examination for promotion to the position of Mortgage Tax Examiner, Grade 5. Petitioner annexes a copy of this published notice of examination to his petition as Exhibit " A "

By the eligibility requirements contained in this notice of examination persons holding positions in grades 4 and 5 of the clerical service were eligible to file applications and to compete in the said promotion examination. The incumbents of certain graded positions in the legal service and the engineering service were also eligible to compete therein.

The petitioner, holding the position of Clerk, Grade 3, of the clerical service, was not eligible under the terms of the advertisement to compete in said promotion examination.

Nevertheless, petitioner filed an application together with an appeal for leave to enter the promotion examination, making the claim for the first time that he should have been classified in Grade 4 of the clerical service instead of Grade 3. A conditional admission to said examination was issued to petitioner by the examining division, pending final action on his appeal by the Commission.

Petitioner took the promotion examination on February 26, 1944, pursuant to the aforesaid conditional admission.

On March 7, 1944, the Commission rejected his appeal for regrading and ordered his conditional admission to said examination withdrawn.

Prior to January 1, 1942, the petitioner was employed in the Office of the Register of the County of Kings. This was a county office. His civil service title was that of Assistant Index Clerk. His salary was $2,160 per annum. The State Civil Service Commission exercised jurisdiction over the county service.

According to the rules and classification of the State Civil Service Commission (Rules for Classified Civil Service, rule VII) positions in such county service were graded as to salary into seven different grades. Grade 5 included: " All positions, the compensation of which is at the rate of more than $2,100, but not more than $2,640 per annum."

Petitioner, who was receiving a salary of $2,160 per annum, was in Grade 5 of such county service.

On January 1, 1942, the Office of Register in the counties of New York, Kings, Bronx, and Queens, were abolished by an amendment to the New York City Charter (1938) (§§ 1051, 1052) adopted by a public referendum vote at the general election held in November, 1941 and the functions, powers, and duties of said office and certain of the civil service personnel were transferred to and vested in the newly created Office of the City Register.

By section 955-a of the New York City Charter (1938) the jurisdiction theretofore exercised by the State Civil Service Commission over employees like the petitioner became vested in the Municipal Civil Service Commission.

On January 26, 1943, the Municipal Civil Service Commission changed the title of the petitioner from Assistant Index Clerk, Grade 5 (as it had been under the classification and grade system of the State Civil Service Commission) to the title of Clerk, Grade 3, under the classification and grade system of the Municipal Civil Service Commission, effective as of January 1, 1942.

The salary of the petitioner, $2,160 per annum, concededly fell within Grade 3 of the city clerical service. Grade 3 of the city clerical service included all positions the salary of which was from $1,801 to and including $2,400.

As the petitioner had not, prior to the institution of this proceeding, received a salary which was within the limits of Grade 4 of the Municipal Civil Service Commission, eligibility to receive a salary which, under the grade system of the State Civil Service Commission exceeded the limit of Grade 3 of the municipal service system, was not the equivalent of appointment or promotion to Grade 4. (*Matter of Aronson* v. *Finegan*, N. Y. L. J., Oct. 8, 1937, p. 1058, col. 7, affd. 253 App. Div. 713, leave to appeal to the Court of Appeals denied, 253 App. Div. 798 and 277 N. Y. 738.)

A municipal civil service commission, under the Civil Service Law may prescribe rules having the force and effect of law (Civil Service Law, § 6, subd. 1) and may grade a position on the basis of the salaries paid those holding it and may declare that an increase of salary exceeding the minimum of the next higher grade is a promotion. In the classification of positions according to grades it is the salary attaching to a position which determines the grade of the position. (*Slavin* v. *McGuire*, 205 N. Y. 84, 90, 91; *Matter of Ryan* v. *Kaplan*, 213 App. Div. 131, affd. 240 N. Y. 690; *People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570.)

The petitioner's salary was not reduced when jurisdiction passed from the State Civil Service Commission to the Municipal Civil Service Commission or thereafter and he was not demoted as his compensation was not reduced below the minimum of his salary grade. Even if petitioner could have remained under the jurisdiction of the State Civil Service Commission and thus be eligible to compete in the promotion examination for Mortgage Tax Examiner, he was not vested with such a right on transfer from the jurisdiction of the State Civil Service Commission to the jurisdiction of the Municipal Civil Service Commission. (*People ex rel. Perrine* v. *Connolly*, 217 N. Y. 570, 576 [*supra*]; New York City Charter [1938], § 995-a.) Such transfer would not restrict the power of the Board of Estimate thereafter to fix the number and compensation of the employees of the city agency or office affected " or the authority of the Municipal Civil Service Commission to require and conduct competitive examinations for new appointments and promotions in such city agency or office in accordance with the Municipal Civil Service Rules ". Thereafter all the rights of the petitioner were governed by the Municipal Civil Service Commission and thereunder he has no cause for complaint.

It also appears that this proceeding was not brought within the four months' period of limitation prescribed by section 1286 of the Civil Practice Act. The Municipal Civil Service Commission changed petitioner's title from Assistant Index Clerk (State title) to clerk and fixed the salary at $2,160 per annum a rate within the limits of Grade 3 of the clerical service by action becoming final and binding on or about January 28, 1943, and this proceeding instituted in July, 1944, was not commenced within the four months' limitation fixed by section 1286. The action of the Municipal Civil Service Commission, taken March 7, 1944, ruling that petitioner was ineligible to compete in the

promotion examination is not the alleged illegal act of which petitioner really complains. That ruling was right depending upon the legality of the commission's jurisdiction and action under it finally binding January 28, 1943. As it is pointed out above that the jurisdiction and act thereunder was legal it follows that petitioner's application must be denied. The petition is accordingly dismissed on the merits.