THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK VAN TINE, Appellant, *v.* LAWSON PURDY et al., Constituting the BOARD OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK.

**Civil service — appeal — proceeding to reinstate civil service employee in position from which he had been removed without an opportunity of making an explanation — when decision therein presents only question of law and is appealable to this court — removal of a deputy tax commissioner of New York city violation of the city charter.**

1. In a proceeding to reinstate a civil service employee in a position from which he had been removed without an opportunity of making an explanation where the material allegations of a petition for a writ are admitted, or not denied, and different inferences cannot be drawn therefrom, only a question of law is presented and the decision is upon the merits and appealable to this court. (*People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570, followed.)

2. The removal of one from the position (Civil Service Law, § 22) of deputy tax commissioner of the city of New York, to which position he had been regularly appointed from the competitive civil service list, without giving him an opportunity of making an explanation, or entering the grounds of his removal upon the records of the department, is a violation of the city charter (L. 1901, ch. 466, § 1543).

*People ex rel. Van Tine* v. *Purdy,* 177 App. Div. 887, reversed.

(Argued October 4, 1917; decided October 23, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 16, 1917, which affirmed an order of Special Term denying a motion for a writ of mandamus to compel the defendants to restore the relator to the office of deputy tax commissioner of the city of New York.

The facts, so far as material, are stated in the opinion.

*Charles E. Hughes, Jr.,* for appellant. The dismissal of the relator without giving him an opportunity of making an explanation was contrary to the provisions

of section 1543 of the Greater New York charter.   (*Matter of Griffin* v. *Thompson,* 202 N. Y. 104; *People ex rel. Mitchel* v. *La Grange,* 2 App. Div. 444; 151 N. Y. 664; *People ex rel. Segee* v. *Hayes,* 106 App. Div. 563; *Craigie* v. *City of New York,* 114 App. Div. 880; *People ex rel. Ryan* v. *Wells,* 176 N. Y. 462; 178 N. Y. 135; *People ex rel. Somerville* v. *Williams,* 217 N. Y. 40.)

*Lamar Hardy, Corporation Counsel* (*Terence Farley* and *Elliot S. Benedict* of counsel), for respondents.   For the reason that it does not appear, in the order of affirmance, that the application was denied as a matter of law, it must be assumed, in the absence of proof to the contrary, that it was denied in the exercise of the discretion vested in the Supreme Court.   The order, therefore, is not appealable to this court.   (*People ex rel. Jacobus* v. *Van Wyck,* 157 N. Y. 495; *People ex rel. Steinson* v. *Board of Education,* 158 N. Y. 125; *Matter of McGuiness* v. *McAneny,* 211 N. Y. 535; *Matter of Winters* v. *Prendergast,* 211 N. Y. 536; *People ex rel. Brooklyn Heights R. R. Co.* v. *Connolly,* 211 N. Y. 537; *Matter of Griffin* v. *Williams,* 216 N. Y. 651.)   This court has squarely held that a deputy tax commissioner was removable at the pleasure of the appointing power. (*People ex rel. Ryan* v. *Wells,* 178 N.Y. 135.)   A deputy is specifically excepted from the prohibition against summary removal, contained in section 22 of the Civil Service Law.   (*People ex rel. Ryan* v. *Wells,* 178 N. Y. 135; *People ex rel. O' Keeffe* v. *McFadden,* 75 App. Div. 264; *People ex rel. Rossner* v. *Armbruster,* 59 Hun, 587; *People ex rel. Jones* v. *Baker,* 12 Misc. Rep. 389; *People ex rel. Williams* v. *Darling,* 67 Misc. Rep. 205; *People ex rel. Lyons* v. *Hopper,* N. Y. L. J., June 2, 1914; 164 App. Div. 934.)   The so-called " Veteran Acts " do not apply to persons holding public office; they were only designed to protect those who occupy subordinate

govermental positions. (*People ex rel. Fonda* v. *Morton*, 148 N. Y. 156; *People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495; *People ex rel. Baird* v. *Nixon*, 158 N. Y. 229; *Matter of Christey* v. *Cochran*, 211 N. Y. 333; *People ex rel. McKnight* v. *Glynn*, 56 Misc. Rep. 35.)

McLAUGHLIN, J. This appeal is from an order of the Appellate Division, first department, which unanimously affirmed an order of the Special Term, denying the relator's application for a peremptory writ of mandamus compelling defendants to reinstate him as deputy tax commissioner of the city of New York. The facts set out in the petition upon which the application was based were undisputed. The petition set forth, in substance, that in September, 1900, the relator having taken and passed a competitive examination according to law and the civil service rules, was regularly appointed from the civil service list to the position of deputy tax commissioner of the city of New York and performed his duties as such until January 1, 1916, when the defendants dismissed him from his position without giving him an opportunity of making an explanation as required by section 1543 of the Greater New York charter (L. 1901, ch. 466). Other matters are set forth which it is unnecessary to consider.

The relator contends, and it is upon this ground alone that he bases his appeal, that the writ should have been granted since his dismissal was in direct violation of the section of the charter referred to. This section, after providing that the heads of all departments shall have the power to appoint and remove all chiefs of bureaus, clerks, officers, employees and subordinates in their respective departments, " except as herein otherwise specially provided " contains the following provision: " But no regular clerk or head of a bureau, or person holding a position in the classified municipal civil service

subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department  *  *  *  and a copy filed with the municipal civil service. In case of removal, a statement showing the reason therefor shall be filed in the department."

The object sought to be accomplished by the provision quoted is obvious. It is to protect persons appointed to a position in the classified municipal civil service, subject to competitive examination, from summary removal. Before such removal can be made the person removed must be given an opportunity of making an explanation. This is a positive requirement and cannot in any case be disregarded. A trial upon specific charges is not necessary, but an opportunity to explain the cause assigned as the basis for the removal must, in every case, be given. The cause assigned must not be a mere whim or caprice of the one clothed with the power of removal, a mere subterfuge to get rid of the person holding the position; on the contrary, it must be of substance, relating to the character, neglect of duty or fitness of the person removed to properly discharge the duties of his position. (*Matter of Griffin* v. *Thompson*, 202 N. Y. 104; *People ex rel. Mitchel* v. *La Grange*, 2 App. Div. 444; affd., on opinion below, 151 N. Y. 664.) The relator in the present case was not given an opportunity to make an explanation before being removed, nor was the ground for his removal entered upon the record of the department and a copy filed with the municipal civil service. His removal, therefore, was unlawful if the position which he held came within the provisions of the charter above quoted.

Before determining that question it may be well to dispose of the suggestion of the corporation counsel to

the effect that the order of the Appellate Division must be affirmed since it does not appear therefrom that the relator's application was denied as a matter of law, and since that fact does not appear in the order it must be assumed it was denied in the exercise of the discretion vested in the Supreme Court. This contention has for its support the general rule. (*Matter of Winters* v. *Prendergast,* 211 N. Y. 536; *People ex rel. Brooklyn Heights R. R. Co.* v. *Connolly,* 211 N. Y. 537.) The rule, however, has its exceptions. (*People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570.) When the material allegations of a petition for a writ are admitted, or not denied, and different inferences cannot be drawn therefrom, then only a question of law is presented and the decision is upon the merits and appealable to this court. (*People ex rel. Flood* v. *Association of Master Plumbers of the City of New York,* 214 N. Y. 710; *People ex rel. Perrine* v. *Connolly, supra.*) The present appeal comes within the exception. The facts set out in the petition are not denied and only one inference can be drawn from them. Only a question of law is, therefore, presented. This fact is conceded in the brief of the corporation counsel, in which he says, " All we have here is a bald question of statutory construction." The appeal, therefore, may be considered upon the merits.

It is strenuously urged on the part of the corporation counsel that the writ was properly denied because the relator was not entitled to the protection of the section of the charter above quoted. His contention in this respect is that the relator was not a clerk, head of a bureau, or holding a position in the classified municipal civil service subject to competitive examination. He certainly was not a clerk or head of a bureau, but I think he did hold a position in the classified municipal civil service subject to competitive examination, and for that reason could not be removed until he had been

afforded an opportunity to make an explanation. He was appointed from the civil service list after a competitive examination and the word " position " does not seem to me to denote, as contended by the respondent, a subordinate place. It is defined in section 22 of the Civil Service Law (Laws of 1909, chap. 15; Cons. Laws, ch. 7) as a " position." The language is: " Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department," and in *People ex rel. Ryan* v. *Wells* (176 N. Y. 462 and 178 N. Y. 135) this court held that a deputy tax commissioner was a " deputy " within the meaning of that section. The relator, therefore, was entitled, by reason of the position which he held, to the protection of the statute. Not having been given that his removal was illegal.

The order appealed from should, therefore, be reversed, and application of the relator granted, with costs in all courts.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and CRANE, JJ., concur.

Order reversed, etc.