**460** People ex rel. Goldenkoff *v.* Albany Law School.

Third Department, November, 1921.          [Vol. 198]

---

The People of the State of New York ex rel. Jacob M. Goldenkoff, Respondent, *v.* The Albany Law School, Appellant.

Third Department, November 16, 1921.

Schools — expulsion of student from law school for seditious, unpatriotic and anarchistic utterances — faculty acted within its jurisdiction and in exercise of honest discretion based on facts justifying exercise thereof — mandamus — purpose of alternative writ is to determine disputed facts upon which rightful exercise of jurisdiction depends.

The relator, a student in the Albany Law School, was expelled therefrom by the faculty, after a hearing, on the ground in part that he had made seditious, unpatriotic and anarchistic utterances against the American

government and was, therefore, an undesirable and unfit person to attend at the said school. On appeal from an order directing the issuance of an alternative writ of mandamus commanding the said school to reinstate the relator, *held*, on the petition and the answering affidavits, that the said faculty, in expelling the relator from the school, acted within its jurisdiction, not arbitrarily but in the exercise of an honest discretion based on facts within its knowledge amply justifying its action, and that the alternative writ should not have been issued.

It is not the office of an alternative writ of mandamus to effectuate a redetermination by a court of facts relating to the conduct of an expelled student when such facts have already been decided against the student by the faculty of a school having jurisdiction. Its only function is to determine the disputed facts upon which the rightful exercise of such jurisdiction may depend.

APPEAL by the defendant, The Albany Law School, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 23d day of May, 1921, granting petitioner's motion for an alternative writ of mandamus.

*Ainsworth, Carlisle, Sullivan & Archibald* [*Charles B. Sullivan* of counsel], for the appellant.

*Andrew J. Nellis* and *Thomas B. Felder*, for the respondent.

H. T. KELLOGG, J.:

This is an appeal from an order directing the issuance of a writ of alternative mandamus. The applicant was a member of the senior class of the Albany Law School, and was expelled therefrom on the 27th day of April, 1920. The writ, directed to the Albany Law School, commands it to reinstate the applicant, to furnish him with instruction, to permit him to take examination tests for graduation, and, if he passes the same, to grant him a diploma, *or* to make return showing cause why these things should not be done. The proceedings were instituted by an order to show cause based exclusively upon a petition made by the expelled student. In opposition to the application, the Albany Law School, on the return day of the order, filed an answer or affidavit made by J. Newton Fiero, its trustee and dean, together with other affidavits and documents. No replying affidavits were filed by the applicant. It is claimed by the appellant that upon the undisputed facts the expulsion of the applicant by its faculty was within its

462  People ex rel. Goldenkoff *v.* Albany Law School.

Third Department, November, 1921.        [Vol. 198

discretionary powers, that no issue has been made affecting the right of its faculty to make the expulsion, and, therefore, that the writ should not have issued.

In *People* v. *Bellevue Hospital* (60 Hun, 107) a medical student, who had finished a prescribed course of study, was refused permission by his college to take the final examinations which might qualify him for a degree. On an application for a writ of peremptory mandamus the college made no explanation of its refusal. It was held that the writ should issue commanding the college to examine the student for graduation. It was said for the court by Presiding Justice Van Brunt: "It may be true that this court will not review the discretion of the corporation in the refusal, for any reason or cause, to permit a student to be examined and receive a degree; but where there is an absolute and arbitrary refusal, there is no exercise of discretion. It is nothing but a willful violation of the duties which they have assumed." In *People ex rel. O'Sullivan* v. *New York Law School* (68 Hun, 118) it was held that a writ of peremptory mandamus had wrongly issued in the case of a student refused an opportunity for graduation where it appeared from the affidavits that there were discretionary grounds for the refusal. The court said: "To hold that dissatisfied students in the colleges and schools of this State can review the discretion of faculties in cases when the facts justify the exercise of discretion, would be most unwise." In *People ex rel. Jones* v. *New York Homeopathic Medical College & Hospital* (47 N. Y. St. Repr. 395) it was said: "Courts may be versatile, but they must be careful not to infringe upon the discretion vested in excise boards, colleges or inferior tribunals, nor to substitute its discretion for theirs. The determination by these bodies of any questions within the scope of their jurisdiction is, as it should be, as conclusive and free from control upon mandamus as that exercised by the highest jurisdictions in the country." In this case, therefore, unless there is proof that the expulsion of the student was "arbitrary," that there was "no exercise of discretion," or that the facts did not "justify the exercise of discretion," or that in exercising discretion the faculty of this school were not acting "within the scope of their jurisdiction," the writ should not issue. In my judgment there is no such proof.

The petition states that the petitioner was summoned before a committee of the faculty on the 27th of April, 1920; that the dean of the faculty then said to him: " Goldenkoff, it has come to the attention of the faculty that you are in sympathy with the doctrines of the Socialist party and that you are disseminating offensive propaganda about the school, converting students to the cause.   What have you to say? Or would you prefer to hear what these boys have to say? " that he replied that he would gladly hear what the boys had to say; that Mullarney said he saw petitioner about the Capitol during the trial of the Socialist Assemblymen, that he was very friendly with them, that whenever they saw him they made room for him, and that petitioner would pat them on the back; that Long said that the petitioner told him during the war that our boys in France were continually in the mud and half-starved while many of them committed suicide to avoid their misery; that Fite said that the petitioner, during a lecture by a member of the faculty on Americanism and Socialism, bent over and asked him whether this was a lecture on corporations or a political speech; that Greenberg said that he had had an argument with Goldenkoff in which the latter had stated that Senator Newberry had been found guilty on charges and should no longer sit in the United States Senate, and that he had seen the petitioner reading a book entitled " Socialism, Sovietism and I. W. W. ism; " that Shumway said that he had seen the petitioner with the Socialist Assemblymen and that they were very friendly with him. The petition then states that the petitioner thereupon told the dean that he was 100 per cent American, and an enrolled Republican, and that his opinions in regard to the Socialist trial were the same as those expressed by former Governor Charles Evans Hughes; that certain questions were then asked him; that Dean Fiero then said: " I find that your offensive propaganda in favor of Socialism, and your views make you an undesirable, and further connection with this school is denied you.   You may no longer enjoy the benefits of the institution."   The petition proceeds to state that the petitioner is not a Socialist; that he is not in favor of the principles of Socialism; that he has never spread or propagated Socialistic principles and that he has had no part in any propaganda in

favor of Socialism. The following assertion is then made: " At the time when the statement aforesaid by the Dean of said school was made to deponent, five of the students of the said school had made statements to said Dean, and in none of them was there any charge of statement that petitioner was or is a Socialist or was or is in favor of Socialism or was or is or had been guilty of offensive propaganda in favor of Socialism nor was there any charge of statement that deponent held any views in any way affecting deponent's moral character or patriotism." The petition also contains the following statement: " Petitioner alleges on information and belief that the dean and the faculty were very bitter against the Socialists who were expelled from the Legislature and the fact that petitioner did not approve of this expulsion was the real and only cause of his expulsion from the law school." No information forming the basis of the belief of the petitioner in this regard is given and the statement thus made is the mere conclusion of the petitioner. It is to be noted in regard to the other assertion of the petition, quoted above, to the effect that five of the students had made statements to the dean in which there was no charge that the petitioner was a Socialist or held views affecting his character or patriotism, that such five students are not identified by name or otherwise as the students who, as set forth by the petition, made oral statements at the hearing, or as the five students amongst others, who, as will hereafter appear, gave information to the faculty upon which reliance for the expulsion of the petitioner was placed. There is, therefore, no assertion in this statement or elsewhere in the petition that the faculty were without information or proof that the petitioner was a Socialist or held views affecting his character or patriotism. Moreover, it is to be noted that the assertion of the absence of a statement that he held such views is a mere conclusion. The mental processes of this petitioner may be such that he would view expressions of a desire that our form of government be overthrown as highly patriotic.

The answer or affidavit made by Dean Fiero states as follows: " That this petitioner, Jacob M. Goldenkoff, while a student at such school in the year 1920 made disloyal statements with regard to the United States and held and had

repeatedly expressed to the fellow students views with reference to the established government of this country and its laws which were inconsistent with and contrary to sound morals and good citizenship; that he had been guilty of radical, socialistic and seditious utterance and propaganda calculated to injure the standing and reputation of said school and detrimental to its best interests, and had attempted to proselyte fellow students to a disregard for law and order and our form of government, and thereby became and was offensive to the faculty and the student body of said school and because thereof petitioner's fellow students were unwilling to attend said institution during the petitioner's continuance as a member thereof." It also states that a committee of the faculty held a hearing to consider the case of the petitioner; that the petitioner was present and given an opportunity to be heard; that the committee then investigated charges and accusations made against petitioner by fellow-students, including Joseph Greenberg, Robert S. Long, Raymond G. Fite, Walter G. Mullarney and Bertram Shumway; that " said charges and accusations thus made and investigated " were " the same as are now set forth in the respective affidavits of Joseph Greenberg, Robert S. Long, Raymond G. Fite, Walter G. Mullarney and Bertram Shumway, each verified May 20th, 1920, and hereto annexed and made a part hereof;" that " after a hearing of said charges and after hearing petitioner, there appeared to said committee, in the exercise of discretion, good and sufficient ground for petitioner's expulsion;" that accordingly the petitioner was expelled. Turning to the affidavits referred to we find that some of the charges made by these students and considered by the committee involved expressions on the part of the petitioner indicating that he was devoid of patriotism, and possessed of revolutionary views making him an unfit associate for the students of the Albany Law School. Here are a few of the remarks stated to have been made by him: " To hell with the American government;" " Speaker Sweet should be shot;" " We need a change of government and Socialism and Sovietism will accomplish it;" " We will overturn this capitalistic system of government;" " If the socialistic party will not overthrow the capitalistic govern-

ment we should have a party which will;" " America should have a government like that of Soviet Russia;" " Our government is Wall Street and Wall Street is our government;" " That Speaker [Sweet] ought to be hanged." The terms of the order of expulsion are then given in the affidavit. From these it appears that the grounds for the expulsion were in part the socialistic and seditious propaganda in which Goldenkoff was engaged to the injury of the standing and reputation of the school. It also appears that the action of the committee was subsequently approved by the board of trustees and the board of governors of the Albany Law School.

It is not the office of a writ of alternative mandamus to effectuate a redetermination by a court of facts relating to the conduct of an expelled student when such facts have already been decided against the student by the faculty of a school having jurisdiction. Its only function is to determine disputed facts upon which the rightful exercise of such jurisdiction may depend. In this case it is not in dispute that on many occasions the petitioner gave expression to views which were unpatriotic, revolutionary and anarchistic; that these expressions were known to the faculty of the Albany Law School; that they constituted in part the grounds of their decision in favor of his expulsion. Clearly, therefore, the faculty acted within the scope of its jurisdiction, and exercised its discretion in a matter involving discretion, to such purpose that no review thereof may be made by a court. The alternative writ of mandamus should not have issued.

The order should be reversed and the application dismissed.

JOHN M. KELLOGG, P. J., COCHRANE, KILEY and VAN KIRK, JJ., concur.

Order reversed and application denied, with costs.