THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY B. PEAKS, Appellant, *v.* JOHN R. VOORHIS et al., Constituting the Board of Elections of the City of New York, Respondents.

Mandamus — jurisdiction — appeal — constitutional law — Court of Appeals without power to review order denying motion for mandamus unless it appears denial was not in exercise of discretion — Legislature may direct submission to electors of question whether Congress should modify Federal statute.

1. The Court of Appeals has no power to review an order of the Appellate Division affirming an order of Special Term, which denied a motion for an order of mandamus, where the undisputed facts do not exclude the exercise of some discretion, and neither the order of the Special Term nor that of the Appellate Division shows on its face that the denial of the relief prayed for was based upon lack of power rather than the exercise of discretion.

2. Except for restrictions or prohibitions expressly placed by the Constitution thereon the legislative power of the Legislature is plenary and includes the right to enact a statute directing submission to the electors at a general election of a question as to whether Congress should modify a Federal act.

*Matter of Peaks* v. *Voorhis*, 218 App. Div. 702, affirmed.

(Argued October 20, 1926; decided October 22, 1926.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 13, 1926, which affirmed an order of Special Term denying a motion for a peremptory order of mandamus against the Board of Elections of the city of New York.

*Bertha Rembaugh, Irving Albert* and *Frances K. Marlatt* for appellant. The act in question is an invalid exercise of the powers of the State Legislature. That body has all legislative, but only legislative, powers. (*Wynehamer v. People,* 13 N. Y. 378; Cooley on Const. Lim. [7th ed.] chap. V, p. 124; *Matter of 34th Street R. R. Co.,* 102 N. Y. 343; *Lawton v. Steele,* 119 N. Y. 226; *People v. Bradley,* 207 N. Y. 592; *People ex rel. McDonald v. Keeler,* 99 N. Y. 463.) The act in question is invalid as an improper attempted delegation of power by the Legislature. (*Barto v. Himrod,* 8 N. Y. 483; *Thorne v. Cramer,* 15 Barb. 112; *People ex rel. Unger v. Kennedy,* 207 N. Y. 533; *Smith v. Smith,* 174 App. Div. 473; *Clarke v. Rochester,* 28 N. Y. 605; *Stanton v. Board of Supervisors,* 191 N. Y. 428; *Bank of Rome v. Rome,* 18 N. Y. 38; *Starin v. Genoa,* 23 N. Y. 439; *Bank of Chenango v. Brown,* 26 N. Y. 467; *Cleveland v. Watertown,* 99 Misc. Rep. 66; 222 N. Y. 159: *Santo v. Iowa,* 2 Iowa, 164; *Opin. of Justices,* 160 Mass. 587.) This act may not be justified as an advisory referendum. (*Mills v. Sweeney,* 219 N. Y. 213; *International Ry. v. Rann,* 224 N. Y. 83.)

*George P. Nicholson, Corporation Counsel (Elliot S. Benedict, John F. O'Brien* and *William E. C. Mayer* of counsel), for respondents. The Legislature was acting within its constitutional powers of legislation in enacting the statute, Laws of 1926, chapter 850. (*Matter of McAneny v. Board of Estimate,* 232 N. Y. 377; *People ex rel. Central Trust Co. v. Prendergast,* 202 N. Y. 188;

*Lawson* v. *Steele,* 119 N. Y. 221; *Bank of Chenango* v. *Brown,* 26 N. Y. 467; *People* v. *Flagg,* 46 N. Y. 401; *Clark* v. *State,* 142 N. Y. 101; *O'Neil* v. *Amer. Fire Ins. Co.,* 166 Penn. St. 72; *People ex rel. C. T. Co.* v. *Prendergast,* 202 N. Y. 188; *People* v. *Fire Association of Philadelphia,* 92 N. Y. 311; *Cleveland* v. *City of Watertown,* 222 N. Y. 159; *People ex rel. Unger* v. *Kennedy,* 207 N. Y. 533; *Clark* v. *State,* 142 N. Y. 101.)

*Per Curiam.* The Supreme Court has denied the relator's petition for an order of mandamus directing the board of elections of the city of New York not to comply with the directions of the Legislature, contained in chapter 850 of the Laws of 1926, to submit to the electors at the general election to be held this year the question: " Should the Congress of the United States modify the federal act to enforce the eighteenth amendment so that the same shall not prohibit the manufacture, sale, transportation, importation or exportation of beverages which are not in fact intoxicating as determined in accordance with the laws of the respective states? " Neither the order of Special Term nor the order of the Appellate Division shows on its face that the denial of the relief prayed for was based upon lack of power rather than the exercise of discretion. The undisputed facts do not exclude the exercise of some discretion. Under the circumstances disclosed the court might, if it saw fit, withhold its writ of mandamus to nullify at this time attempted legislative action which does not interfere with private rights and which does not seriously invade a public right. A question of law which this court can review would arise only if the undisputed facts permit but one inference. (*People ex rel. Van Tine* v. *Purdy,* 221 N. Y. 396.)

These considerations require that we affirm the order of the Appellate Division, but even if we could disregard them, we are of the opinion that the petitioner has failed to show that the action of the Legislature is beyond the

powers conferred upon it under the Constitution of the State. The petitioner insists that public officers disregard a statute which in terms imposes upon them a public duty. The action of the Legislature does not constitute an attempted exercise of powers exclusively granted to the executive or judicial branches of the government. It is not claimed, and no facts are shown, that could lead to the conclusion, that the statute is within any restrictions or prohibitions expressly placed by the Constitution upon the exercise of the legislative power. Except for such restrictions or prohibitions the legislative power granted to the Legislature is plenary and that power includes the right to enact the statute under consideration.

The order of the Appellate Division should be affirmed, without costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Order affirmed, etc.