In the Matter of the Application of WILFERN BEATTY (Formerly WILFERN RICKETTS), Petitioner, for a Mandamus Order against THE BOARD OF MANAGERS OF THE BINGHAMTON CITY HOSPITAL and Another, Respondents.

Supreme Court, Broome County, July 29, 1927.

Hospitals — nurses — mandamus to reinstate petitioner in nurses' train-ing school of Binghamton City Hospital — governing board had juris-diction and dismissed petitioner after investigation — petitioner not entitled to hearing and notice — mandamus denied.

This is an application for a peremptory mandamus order to compel the Board of Managers of the Binghamton City Hospital to reinstate the petitioner as a student nurse in the nurses' training school conducted by that hospital. Inasmuch as the governing board of the hospital had jurisdiction of the petitioner and in their discretion dismissed her after an investigation and upon finding that she was incompetent, petitioner is not entitled to a peremptory mandamus order reinstating her as a student. It was not necessary that the petitioner be given a notice of charges preferred or of a hearing thereon.

APPLICATION for a peremptory mandamus order compelling the respondents to reinstate the petitioner as a student nurse, or, in the alternative, that a mandamus order issue requiring the respondents to reinstate the petitioner or to show cause why the command of such order should not be obeyed.

*Charles L. Dickson,* for the petitioner.

*Herbert H. Ray, Acting Corporation Counsel,* for the respondents.

RHODES, J. The application was brought on for hearing by an order to show cause based upon petitioner's petition, and the respondents have filed a so-called answer and affidavits in opposition thereto. The petition alleges, among other things, that the respondent, the Board of Managers of the Binghamton City Hospital, is a corporation organized and existing under and by virtue of the laws of the State of New York and conducts the Binghamton City Hospital in the city of Binghamton, N. Y.; that the respondent, the Nurses Training School Committee of the Binghamton City Hospital, has control over and conducts a student nurses training school, organized in accordance with the laws of the State of New York, at the Binghamton City Hospital and is a department of the Binghamton City Hospital; that the Student Nurses Training School is registered in accordance with the laws of the State of New York and is empowered to graduate and confer its certificate of graduation upon candidates who successfully complete the course in student nursing therein; that on March 1, 1925,

petitioner made application to said committee and after having fully complied with all the entrance qualifications required by the committee, the laws of the State and the Binghamton City Hospital, was admitted and entered said school as a student nurse; that she was assured and led to believe that upon completing her course she would be graduated and receive a certificate of graduation from said school; that thereafter she served a four months' probationary period in said school and at the expiration thereof was accepted by said committee and board as having successfully completed such period; that she thereafter continued her course as a student nurse at the said hospital and was thereafter paid the sum of twenty dollars per month by the city treasurer of the city of Binghamton; that she fully and conscientiously performed all the duties and fulfilled all the requirements exacted by the said Nurses Training School and hospital until March 19, 1927; that she obtained a high standing and satisfactorily passed examinations in every subject taught to her.

The petition then charges that on March 19, 1927, the superintendent of nurses of said school ordered petitioner to her room where she was by said order confined for two days without reason, without cause and without any explanation therefor; that thereafter and on March 21, 1927, petitioner was by said superintendent's orders summoned before said superintendent and accused of neglect of duty; that such accusations were false; that the superintendent refused to listen to any explanation from petitioner and ordered her from the hospital; that thereupon petitioner returned to her home and on March 24, 1927, received written notice purporting to come from the nurses training committee of the Student Nurses Training School stating that she had been expelled from the school; that said act was in disregard of petitioner's right in that she was not given any opportunity to appear before the said committee; that subsequently petitioner demanded that she be given a right to be heard and on or about April 2, 1927, a second meeting of the committee was called, of which said second meeting petitioner was given less than one hour's notice and was denied right of counsel and the further right to hear any testimony given against her. The petition also alleges in general terms that the action of the committee was based largely upon the testimony given by the superintendent of nurses and was largely false and entirely hearsay; that petitioner did not receive any official notice of the action of said committee at such second meeting and had no notice thereof except such as she has obtained from an investigation of the minutes thereof, which minutes petitioner knows to be largely false and believes on credible information to be incomplete.

The answer of the respondents denies the allegations of malice and bad faith and alleges, among other things, that the prospectus issued by said school sent petitioner before her admission contained the following condition of entry: " The right is reserved by the Hospital to terminate the connection of any pupil with the school for reasons which the Hospital may deem sufficient." It then alleges that the expulsion of the petitioner was justified and for sufficient and proper cause and was within the power and right of said Nurses Training School and was in lawful exercise of discretion; that the petitioner while a student at said nurses training school and while on duty on or about October 28, 1926, did neglect her duty in that she did fail and neglect to care for instruments and equipment, for which neglect she was suspended for a period of one month; that while on duty in the delivering room of the maternity department on the 19th day of March, 1927, she did neglect and abandon a patient whom it was her duty to attend and remain constantly with until delivery, thereby endangering the life of said patient; that said petitioner had for a long period of time prior to her expulsion failed to satisfactorily perform her duties and neglected her studies and neglected on numerous occasions to perform her duties in a careful, proper and satisfactory manner; that on the 19th day of March, 1927, an investigation of petitioner's neglect and disregard of duty on said day was begun by the superintendent of said Nurses Training School and as a result of said investigation said petitioner was suspended from duty; that on the 22d day of March, 1927, the Nurses Training School committee held a meeting and investigated the conduct of said petitioner and after a full investigation of the charges against the said petitioner of her willful neglect of duty, there appeared to the said committee, in the exercise of discretion, good and sufficient ground for petitioner's expulsion, and, as a result of said hearing, after exercising their discretion, said committee determined to and did expel said petitioner from said Nurses Training School; that on the 21st day of March, 1927, at the request of said petitioner, said committee held a meeting to reinvestigate the aforesaid neglect of duty on the part of petitioner and to give her an opportunity to be heard; that after hearing said petitioner in her behalf and after further discussion and in the exercise of their discretion said expulsion was reaffirmed.

The petitioner now insists that her expulsion was wrongful, because at the hearing she was not permitted to be represented by counsel; that she was not permitted to hear the evidence against her and that she had less than one hour's notice of said hearing. Numerous cases are cited in her behalf in support of such con-

Supreme Court, July, 1927.　　　　　　　　　　[Vol. 130

tention, such as *People ex rel. Van Tine* v. *Purdy* (221 N. Y. 396); *Matter of Griffin* v. *Thompson* (202 id. 104); *People ex rel. Packwood* v. *Riley* (232 id. 283), but in these cases the right to a hearing was expressly conferred by law and it was held that the statutory procedure had not been complied with. In the case at bar there appears to be no statutory requirement giving the petitioner the right to a hearing. In the case of *Goldstein* v. *New York University* (76 App. Div. 80) a student was expelled from such university for alleged improper acts. An investigation was had at which he was present and after the investigation the expulsion took place. The court stated: " Our attention has not been called to any law or rule or regulation which required any form or time of notice or any particular method of trial before the faculty of this university." The expulsion was upheld. (See, also, *People ex rel. Lodes* v. *Department of Health*, 189 N. Y. 187; *People ex rel. Copcutt* v. *Board of Health, etc.*, 140 id. 1.) Even in a case where a trial or hearing is required, those conducting the hearing may exercise their power of removal upon facts within their own knowledge or upon information which they have received and testimony has not been required to be taken as the basis of their action. (*Matter of Griffin* v. *Thompson, supra*. See, also, *People ex rel. Keech* v. *Thompson*, 94 N. Y. 451; *People ex rel. Mitchel* v. *LaGrange*, 2 App. Div. 444.)

It is the office of mandamus in cases such as this to require boards, officials and agencies to act, but not to substitute the judgment and discretion of the court for that of the authority upon whom such duty rests. Where, therefore, such judgment and discretion has been exercised by the proper authority, it is not the province of the court to redetermine the issues and make a new and perhaps somewhat different decision. Where it appears that there has been an abuse of discretion or that any such action was arbitrary, unauthorized or done in bad faith, the act may be set aside by the court but even then the court does not assume to act for the erring authority, but simply requires such authority to perform its act in a lawful manner. In other words, the court will not assume the burden of exercising the functions and performing the duties of boards, officials and agencies upon whom such obligation rests. In the case at bar the proper board having jurisdiction has acted and has exercised its discretion. The court should not attempt to interfere with such exercise nor say to the defendants what their decision should be upon a given state of facts. Even in cases where the statute required a hearing, the discretion of the determining officer exercised in good faith has been held not subject to review by the courts. As was stated in *Matter of Griffin* v.

*Thompson* (*supra*): " The reasons assigned for the removal must appear, upon their face, to justify the action; in other words, they must be substantial and not frivolous, but when they appear to be sufficient to justify the determination the courts have no power to interfere on the ground that the reasons, though good in themselves, had no existence as matter of fact, or that the explanation given by the subordinate should have satisfied the head of the department."

It appears in the case at bar that the governing body investigated the conduct of the petitioner and expelled her after an investigation as to her conduct wherein she was charged with neglect and disregard of duty. The making of that determination was the province solely of the governing body. A case so similar that it seems to be controlling here, arising in our own department, is *People ex rel. Goldenkoff* v. *Albany Law School* (198 App. Div. 460), where a student was expelled from the Albany Law School by reason of having made seditious, unpatriotic and anarchistic utterances against the American government and was, therefore, an undesirable and unfit person to attend at said school. An investigation of the charges was had; the student relator was heard and denied the accusations, at least to some extent, but the governing body determined the issues of fact against him and he was expelled. The expulsion was upheld by the Appellate Division and it was there stated: " ' Courts may be versatile, but they must be careful not to infringe upon the discretion vested in excise boards, colleges or inferior tribunals, nor to substitute its discretion for theirs. The determination by these bodies of any questions within the scope of their jurisdiction is, as it should be, as conclusive and free from control upon mandamus as that exercised by the highest jurisdictions in the country.' In this case, therefore, unless there is proof that the expulsion of the student was ' arbitrary,' that there was ' no exercise of discretion,' or that the facts did not ' justify the exercise of discretion,' or that in exercising discretion the faculty of this school were not acting ' within the scope of their jurisdiction,' the writ should not issue. In my judgment there is no such proof." The court further said (at p. 466): " It is not the office of a writ of alternative mandamus to effectuate a redetermination by a court of facts relating to the conduct of an expelled student when such facts have already been decided against the student by the faculty of a school having jurisdiction. Its only function is to determine disputed facts upon which the rightful exercise of such jurisdiction may depend."

In the case at bar the governing body had jurisdiction. It investigated the conduct of petitioner and upon disputed facts

decided against her in the exercise of its discretion. With that determination the court is powerless to interfere.

The application of the petitioner should, therefore, be denied, with ten dollars costs.