In the Matter of IRVING LANZER, Petitioner, against FREDERICK A. MORAN et al., Respondents.

Supreme Court, Special Term, Albany County, October 22, 1943.

*Seymour Georges Mackler* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Patrick H. Clune* of counsel), for respondents.

MURRAY, J.   This is a motion by petitioner for an order pursuant to subdivision 3 of section 22 of the Civil Service Law, that this proceeding either be referred to a court and jury to hear and determine the issues and the matters presented herein or that petitioner be reinstated forthwith in his position as parole officer at his lawful salary together with all the emoluments to which he is entitled, and there be paid to him his salary from the date of his dismissal with interest to the date of his reinstatement, and for such other further and different relief as to the court may seem just and proper.

Section 22 of the Civil Service Law is entitled " Power of removal limited ". The preamble of it is as follows: " *Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to an order pursuant to article seventy-eight of the civil practice act to remedy the wrong.*" (Italics supplied.)

Subdivision 2 of section 22 of the Civil Service Law declares in part: " No officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for incompetency or misconduct."

Subdivision 3 is entitled " Appeals " and provides in substance that any State officer or employee believing himself aggrieved by a penalty or punishment of demotion in or dismissal from the service, or suspension without pay for a period exceeding ten days, may appeal from such determination either by an application to the State Civil Service Commission or by an application to the court in accordance with the provisions of article 78 of the Civil Practice Act. The statute, section 22 of the Civil Service Law, is remedial, and should be construed in a broad and liberal manner in the light of its history and purpose.

Petitioner was provisionally made a parole officer in July, 1935, and permanently appointed to such position in October, 1935. He passed a civil service examination. He was served with a notice of suspension April 19, 1943, and advised that the Board of Parole purposed *to take disciplinary action against him.*

Subdivision 2 of section 22 of the Civil Service Law states: " The person whose removal is sought shall have written notice of such proposed removal and the reasons therefor, and shall be furnished with a copy of any charges preferred against him, and shall be allowed a reasonable time for answering the same in writing."

The statute is clear that if removal from office is contemplated, the notice served must so state. Disciplinary action is vastly different in scope from removal from office. The words are not synonymous. The charges against petitioner are for alleged delinquencies which happened seven years ago in the year 1936 and four years ago in the year 1939. Although the charges are voluminous, wordy and consume many sheets of paper, when condensed they are substantially that petitioner on twelve different days during the months of July and August, 1939, charged one dollar for dinner money to which he was not entitled, and also on five different occasions in the year 1936. It is also claimed that he submitted false reports in the years 1936 and 1939 that he worked in the field until 8 P. M., when, as a matter of fact, he was engaged in teaching at the College of the City of New York from 6:30 or 6:40 P. M. Further, that petitioner in 1936 violated office regulations in that, when required on certain occasions to take reports from 5:00 P. M. to 8:00 P. M., he was teaching at the College of the City of New York.

Petitioner's answer denies in detail the charges. Request for a formal hearing and an opportunity to call witnesses to prove the charges baseless was refused. The determination

under review was not made by respondents as the result of any hearing held at which evidence was taken pursuant to statutory direction.

By section 1291 of the Civil Practice Act respondents were required to serve upon petitioner and file with the clerk of the court a verified answer to the petition and annex to their answer, filed with the clerk of the court, a certified transcript of the record of the proceedings subject to review or consideration. It was necessary also to serve and submit, with their answer, affidavits made by a person having knowledge of the facts or other written proof, showing such evidentiary facts as should entitle them to the trial of any issue of fact. Petitioner had the right to reply to any matter other than denials set forth in the answer. (Civ. Prac. Act, § 1292.)

Respondents have not annexed to their answer any transcript of the record of the proceedings here under review. They failed to serve and submit with their answer any affidavits showing facts which would entitle them to a trial of any issue of fact.

Petitioner moved for a final order striking out the answer of respondents on the ground of failure to comply with section 1291 of the Civil Practice Act, and, further, that the answer of respondents, specifically paragraphs " 5 ", " 9 ", " 12 ", " 13 ", " 14 " and " 15 ", stated but conclusions of law.

Nothing has been produced by respondents either by way of testimony, records or affidavits which refutes the allegations set forth in the petition that petitioner has been dismissed from service on charges which were trivial, trumped up, frivolous, false and untrue. Petitioner is not a war veteran or an exempt volunteer fireman, nonetheless now, by reason of the broad provisions of subdivision 3 of section 22 of the Civil Service Law, the rights and remedies of civil service employees have been expanded, and they may now appeal directly to this court from a judgment of dismissal rendered against them.

The obvious intent of such law, in effect October, 1942, is to protect civil service employees of the State of New York, however humble their status may be or however exalted their position, from harsh, precipitate and arbitrary action by superiors by permitting a direct appeal to the courts. The Legislature, in enacting subdivision 3 of section 22 of the Civil Service Law, placed a tight rein over acts and conduct of dictatorial, tyrannical and conceited persons and administrative boards, and served notice on such persons and boards to exercise fair play, good sense and impartiality in passing judgment on charges against subordinate employees. The Legis-

lature deemed it essential that the Civil Service Commission should not be the sole and exclusive agency to hear appeals from decisions of administrative boards. People, generally, have confidence in the courts, and for this reason the Legislature invested the Supreme Court with jurisdiction to review the evidence and record of proceedings which result in the discharge, demotion or suspension of civil service employees. It gave to the civil service employee the additional protection of judicial tradition, independence and impartial background.

The court adverts to the right of appeal to the courts for the reason that counsel for respondents on argument and in his brief asserts that petitioner had his day in court. Petitioner not only did not have any day in court, but his earnest plea for a hearing passed by unheard and unheeded. While it is true he was not strictly entitled to such hearing by law, nevertheless, since the result of sustaining the charges would be to brand him as a petty thief, ordinary decency, if not law, would prompt any unbiased person to at least permit an accused to confront in open hearing the witnesses against him.

When an administrative agency acts in a quasi-judicial capacity, the employee brought to trial before it on charges in the nature of theft or embezzlement should be given, so far as is possible, a public and impartial hearing. A record should be made sufficient to permit review by the court and findings based on the record should be made to show what the hearing official or board determined from the evidence presented. In this proceeding the minimum protection for the safeguarding of petitioner's rights was not accorded him.

Previous to the enactment of subdivision 3 of section 22 of the Civil Service Law, a discharged employee had no right of appeal from an adverse decision, but now a person aggrieved has the absolute legal right to a complete review of the facts and law by the Supreme Court. The courts now have plenary power to review all the acts, the procedure and the evidence relied upon by respondents to uphold its decision. The accusations against petitioner give rise to suspicion that the real reason for his discharge has not been given. The acts of wrongdoing charged are stale, musty and vapid, and in criminal and civil actions would be barred by the Statute of Limitations. The improper and unlawful acts are charged to have been committed more than seven and more than four years ago. The charges are of a petty character. They involve an alleged misappropriation of fifteen or sixteen dollars by petitioner for dinners which the respondents at this late date say he should

not have charged to the State of New York. Moreover, in my opinion, the respondents are guilty of laches. Justice delayed is justice denied.

The territory assigned petitioner within which he had to perform his duties extended from New York City to the Columbia County line. There is no dispute but that if petitioner had field work to perform more than twenty-five miles from 80 Center Street, New York City, it was proper for him to have his dinner in the field and charge for it. Since petitioner was charged with larceny, the burden of proof was upon respondents to establish the truth of such accusation. There is not a shred or scintilla of testimony or evidence before this court which in the slightest degree proves the truth of the charge so made.

On the contrary, the expense accounts submitted by petitioner, it appears, were audited, approved and honored by respondents at regular intervals, and each year since his appointment he has been given the statutory annual increment or raise in his pay. Employees such as petitioner are graded for the service they perform. His service record for the period ending May 13, 1943, was 83%.

It seems incredible that an administrative body such as is respondent Board of Parole, whose particular duty and function is to supervise, check and investigate the conduct and reports of felons and convicts as to their daily and hourly activities when paroled from prisons, could be victimized and fooled for so many years by a mere parole officer such as petitioner. Reason and common sense reject such a conclusion.

This court is most reluctant to substitute its judgment on questions of fact which have been once decided by an administrative bureau or department of the government, but when a person has been charged with a crime, and his request for a formal hearing to call witnesses to prove that such a serious accusation is false has been denied by an administrative bureau such as respondent Board of Parole, it is the duty of the court to scrutinize with the utmost care the diligence, the good faith and the decision of the Board making the charges and deciding the issues.

Analysis of the charges and the answer and affidavit of petitioner disclose that friction existed between the Executive Director of respondent Board of Parole, and petitioner, which was intensified when petitioner appealed from an order of the Executive Director. He was informed that if, in the future, he desired to see or speak with any of the Commissioners constituting the Board of Parole, he could only do so by arrangement with

the Executive Director and then any interview must take place in the presence of the Executive Director and under his personal supervision.

To permit an administrative board to remove a civil service employee on a mere pretext or because an officer of such board or agency is personally dissatisfied with such employee, and because there is friction between them, is to ignore the law, and such action if permitted would destroy the merit system in civil service. The cause assigned for removal must be substantial and not shadowy. (*Matter of Griffin* v. *Thompson*, 202 N. Y. 104; *People ex rel. Keech* v. *Thompson*, 94 N. Y. 451.) Trivial charges are insufficient to warrant removal.

" The cause assigned must not be a mere whim or caprice of the one clothed with the power of removal, a mere subterfuge to get rid of the person holding the position; on the contrary, it must be of substance, relating to the character, neglect of duty or fitness of the person removed to properly discharge the duties of his position." (*People ex rel. Van Tine* v. *Purdy*, 221 N. Y. 396, 399.)

The answer of petitioner submitted in reply to the charges is full, clear and complete. In this proceeding the petition and supporting affidavit in his behalf reasonably show that the charges against petitioner were not only unjustified, but only a mere pretext to remove him. They are barren of any credible evidence to sustain same. In view of respondents' failure to submit any affidavits or records or testimony whatever, pursuant to the requirements of section 1291 of the Civil Practice Act, no other reasonable conclusion can be drawn except that the removal of petitioner was arbitrary and capricious. Removal and dismissal from office of a person charged with the commission of a crime is a most serious matter, and carries with it grave consequences. Such act might well result in complete ruin to the person primarily involved, and shame and humiliation to his family and friends. Petitioner is entitled to the benefit of every reasonable doubt.

A careful review of the facts and law does not fairly justify the removal of petitioner from his position. Order granted that petitioner be forthwith restored to his position as parole officer at his lawful salary and salary with interest from the date of his dismissal to the date of reinstatement be paid him.

Submit order.