30 N.Y.2d 668 (1972)
In the Matter of Louis Tannenholz, Respondent,
v.
Waterfront Commission of New York Harbor, Appellant.
Court of Appeals of the State of New York.
Argued February 7, 1972.
Decided March 23, 1972.
Irving Malchman, William P. Sirignano and Leonard Picariello for appellant.
Stephen Davis, Wilfred L. Davis and Joy M. Holz for respondent.
Concur: Chief Judge FULD and Judges BURKE, SCILEPPI, BERGAN and GIBSON. Judge JASEN dissents and votes to reverse in the following opinion in which Judge BREITEL concurs.
Order affirmed, with costs, on the opinion at the Appellate Division.
JASEN, J. (dissenting).
The question presented on this appeal is whether revocation of a port watchman's license for aiding and abetting in the misappropriation of cargo constitutes an abuse of discretion upon the ground of excessive punishment.
I find no sound basis for concluding that the revocation of petitioner's license was an abuse of discretion, and, therefore, would reverse the determination of the Appellate Division as to punishment and confirm the determination of the commission. Certainly, the petitioner's conduct while on duty is fraught with serious consequences, and sufficiently grave to interdict restoration of his license on any terms.
*670 Petitioner was licensed by the commission as a port watchman. A watchman has the direct and immediate responsibility for the protection of the millions of tons of cargo that pass through the port of New York and, as such, occupies a position of trust in the public service, requiring honesty and integrity in the performance of his duties. It should be perfectly obvious that his value as a port watchman was gravely impaired once it was established that he had willfully aided in the theft of cargo he was specially assigned to guard. Needless to say, it is the nature of the act, and not the amount of the theft, that dictates this conclusion. Unlike the ordinary dock worker, the port watchman is charged with the continuing responsibility for protecting cargo. Once clear evidence is shown  as we have here  that a port watchman lacks the requisite good character and integrity to perform his sole responsibility of guarding valuable cargo, the commission should not be required to retain him. (Cf. People ex rel. Van Tine v. Purdy, 221 N.Y. 396, 399; Matter of Griffin v. Thompson, 202 N.Y. 104.)
While it is proper to consider petitioner's length of employment and record (Matter of Mitthauer v. Patterson, 8 N Y 2d 37), it does not follow that his long service without any prior incident should excuse this flagrant offense. (Cf. Little v. New York City Tr. Auth., 28 N Y 2d 719, affg. 34 A D 2d 998; Matter of Mansfield v. Murphy, 16 N Y 2d 986.) This is so because the conduct involved in the instant case is not to be judged in isolation, but must be considered in the broad context in which it appears. Petitioner, knowing full well the consequences that he would incur if he were caught, invited those consequences when he engaged in his criminal activities. To have the discipline imposed on him annulled would only be interpreted by others, in similar positions, as a condonation of the offense, and would tend to embolden those who are susceptible to temptation. There can be no doubt that the periodic theft of even small amounts of cargo can, if not checked, soon lead to substantial losses. Only by judicial confirmation of the commission's right to impose the punishment of dismissal can these undesirable consequences be minimized. (Cf. People ex rel. Guiney v. Valentine, 274 N.Y. 331, 333-334.)
In sum, the commission's obligation to the public requires it to take effective measures to guard against cargo theft. This it has done in the instant case by revoking the license of one *671 found aiding in the misappropriation of cargo. In view of the serious charges, it cannot be said that the measure of punishment meted out by the commission was "shocking to [one's] sense of fairness." (Matter of McDermott v. Murphy, 12 N Y 2d 780, affg. 15 A D 2d 479; Matter of Stolz v. Board of Regents, 4 A D 2d 361, 364-365.)
I would reverse the Appellate Division and reinstate the Waterfront Commission's determination in all respects.
Order affirmed, etc.