John L. Larkin, J.
Elizabeth Bonwitt is a 33-year-old second year student at Albany Medical Center School of Nursing in the City of Albany. 'She matriculated in the fall of 1971 for a three-year term, where she remained for nearly two years. On May 23,1973 she was informed by the Director of the School of Nursing that she was suspended indefinitely as a result of a deci *270 sion of the Administrative Committee of the Albany Medical Center School of Nursing. Her conduct, in the opinion of the Administrative Committee, constituted serious personal and professional irresponsibility. The petitioner was advised that the indefinite suspension was subject to reconsideration only upon her establishing a satisfactory work record for a period of time.
The Administrative Committee, which indefinitely suspended the petitioner, consists of the Director of the School of Nursing, two Assistant Directors of the School of Nursing, an Associate Director of the Albany Medical Center Hospital, and the Assistant Director of the Albany Medical Center Hospital for Nursing Services.
According to the responding papers, such decision was made only after a thorough review of the petitioner’s past record of performance, which led that committee to the conclusion that she had exhibited a course of conduct which was personally and professionally irresponsible. Set forth in the respondents’ papers are over 30 incidents, ranging from refusal to sign in and out of the residence as required of all students, to the more serious charges of not reporting on duty for clinical duty on orthopedic wards and other wards. She had been on clinical warning several times and on January 31, 1973 was placed on administrative warning for her personal and professional irresponsibility, her unwillingness to abide by the rules, her failure in theory of operating a recovery room course, and repeated lateness and absence. On February 6,1973 she was advised in person and in writing of the decision of the Administrative Committee that she would be suspended the next time she further demonstrated irresponsible behavior. Within the next two months, she had failed to appear on duty as scheduled on two occasions, and on the third occasion did not report on duty as scheduled at 7:00 a.m., but did arrive at 10:00 a.m.
The respondents’ papers indicate that on February 5, 1973, after a review of her course of conduct since her admission to the school, the Administrative Committee decided that her behavior could no longer be tolerated. The petitioner was advised the following day, in person, of that decision and also in writing. After consultation with the hospital authorities, she was allowed to continue but was advised that she was on a warning status. On April 16, 1973 the Administrative Committee again met to consider the course and conduct of the petitioner and at that time she was advised that if she showed personal or professional irresponsibility once more, she would be *271 suspended. On May 21, 1973 the Administrative Committee again met after it was reported that petitioner had been late for clinical floor duty assignment on May 18, 1973 to the extent of one hour and 10 minutes. Subsequently, the petitioner was notified of her indefinite suspension and requested another opportunity to review the decision of the committee with the Director of Nursing. The petitioner was given that opportunity on May 22, 1973 and again she sought further review in the form of a hearing before the Administrative Committee and that request was granted on May 29, 1973, at which time she stated her case. On May 30, 1973 the committee confirmed its decision to suspend the petitioner indefinitely.
The School of Nursing Announcement states in part: “ a student may be suspended or dismissed at any time that his fitness to be a student in the School of Nursing is questioned. Reasons can include academic, professional, or health problems. ’ ’
The need to instill in" student nurses a sense of responsibility and punctuality need not be stressed by this court. Nor does the petitioner raise that question. The petitioner acknowledges that the School of Nursing has a valid interest in instilling high standards of professionalism and responsibility in nursing students. The petitioner maintains, however, that the lack of reasonable procedures and uneven application of the rules are grounds for the court to intervene in the school’s decision-making process.
The respondents herein contend the Albany Medical Center School of Nursing is a privately endowed nonprofit corporation which is self-governed by a self-appointed board of governors. The Medical Center Hospital is not a governmental institution or agency. It is not governed or operated by any governmental unit. It is not financed or run by public funds and as such there are no facts or allegations to permit this court to entertain jurisdiction pursuant to article 78 of the CPLR. This court decides that article 78 is the proper procedure and that this court does have jurisdiction (see Matter of Carr v. St. John’s Univ., N. Y., 17 A D 2d 632, affd. 12 N Y 2d 802). Having determined that this court has jurisdiction to entertain the application, I address myself to the merits of the matter.
When a school or university acts within its jurisdiction, not arbitrarily but in the exercise of an honest discretion based upon facts within its knowledge that justify the exercise of discretion, the court may not review the exercise of that discretion (People ex rel. Goldenkoff v. Albany Law School, 198 App. Div. 460; People ex rel. O’Sullivan v. New York Law School, 68 Hun *272 118). The contention of the petitoner that the suspension was arbitrary and capricious is made essentially on the ground that the petitioner did not receive adequate warning of the consequences of excessive tardiness. Petitioner contends that the only warning of the seriousness of such offenses is found in the Student Nurses Handbook: ‘ ‘ 'Serious offenses which involve professional matters and public relations of the School, such as staying out all night without permission, will be handled by the administration.” In another part of that same handbook, it states: “ if the student is consistently late, the problem should be referred to the Director of the School or one of her assistants.”
The argument in that regard on behalf of the petitioner states: ‘ ‘ If the Nursing School had a policy on the gravity of excessive tardiness, it should have been explicitly stated. Failure to provide adequate notice of the consequences of forbidden acts is an invitation to arbitrary decision-making.”
The petitioner further alleges that she was not afforded adequate procedural safeguards: — “ petitioner was never given notice of the charge against her, a chance to defend herself, or even told who made the decision.” She also alleges that other students receive less severe penalties and further alleges that the penalty is disproportionate to the offense and further that her constitutional rights to notice of a hearing were violated.
Without going into the details, the record indicates many, many, many violations and several warnings, and even after her suspension on May 21, 1973, she sought and received an interview to review the decision with the Director of the School of Nursing and a further review in the form of a hearing before the Administrative Committee, which request was granted, and the petitioner met with the eomjnittee on May 29, 1973, at which time she was permitted to state ber case.
This court finds that the petitioner received adequate notice of the problem and the disciplinary proceedings she was facing and that she did receive a hearing (Matter of Carr v. St. John’s Univ., 17 A D 2d 632, affd. 12 N Y 2d 802, supra; Matter of Schuyler v. State Univ. of N. Y. at Albany, 31 A D 2d 273). Nor can this court determine that the penalty was disproportionate to the alleged infraction. A sense of responsibility must be instilled in student nurses. Punctuality is an absolute requisite in the proper function of a nursing staff. The administrators and directors of the school of nursing have a duty to the public as well as the student. To countenance repeated irresponsible conduct and to graduate incompetent or irresponsible nurses *273 would surely be to the detriment of the health and safety of those unfortunate members of our society who are sick or infirm.
This court does not determine that the suspension is in any manner disproportionate to the offenses. This court finds that the respondents have met every requirement of due process and fair play as required by the Constitution of the United States. This court determines that the respondents have acted within their jurisdiction, not arbitrarily, but in the exercise of honest discretion based on facts within their knowledge that justify the exercise of that discretion and, therefore, their decision is not subject to review by this court.
The petition is, in all respects, dismissed.